# RUTLAND COUNTY.

## FEBRUARY TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
      "   STEPHEN ROYCE,      ⎫
      "   ISAAC F. REDFIELD,  ⎬ *Assistant Justices.*
      "   MILO L. BENNETT,    ⎭

LE GRAND CANNON & STEPHEN WARREN *v.* JOHN NORTON
AND FRANCIS SLASON.

### *(In Chancery.)*

The answer of one defendant is not evidence for the other.

An answer, not responsive to the bill, setting up matter in defence or avoidance, must be proved.

*Quære,* Whether the want of parties to a bill can be taken advantage of on the hearing of an appeal from the chancellor.

When the want of parties is not insisted on by demurrer, or plea, it cannot be urged at the hearing, unless it manifestly appears that a decree cannot be made without bringing other parties before the court.

THIS was an appeal from a decree of the court of chancery against the defendants.

The orators, in their bill, charged, in substance, that one Cyrus Adams, on the 23d day of August, 1828, procured the defendant, Norton, to sign a note with him to one McClure, and, to indemnify Norton for signing such note, indorsed to him sundry notes against different individuals, amounting to about seven hundred dollars; that the note so given to Mc-Clure was usurious and void; that Adams was indebted to

the orators and they recovered a judgment against him, at the September term, 1830, of the county court for Rutland county for the sum of $978.25; that an execution issued upon said judgment and Adams was committed to jail thereon, and afterwards made application to be admitted to the poor debtor's oath; that, on that occasion, he made an assignment of all his interest in the demands in Norton's hands, to the orators; that Norton was present and had notice of, and then recognized the assignment, and admitted that he had five hundred dollars then in his hands, subject to said assignment when he should be exonerated from the note so given to McClure; that the note to McClure was surrendered up to Norton without payment and Norton was fully discharged therefrom on the sixth of January, 1836; that the orators then demanded of Norton the notes that had been indorsed to him by Adams for security, or the proceeds thereof, and Norton refused to deliver the notes to them, or account therefor to the orators; that after the assignment was made by Adams to the orators, and after notice thereof to Norton, the latter delivered said notes, or the moneys collected thereon, to the defendant Slason, and took a bond of indemnity from Slason, both against the note to McClure and the assignment to the orators. And the orators prayed that an account be taken of the proceeds of said notes indorsed by Adams to Norton; that the defendants be decreed to pay to the orators, &c., and for further relief.

The defendant, Norton, in his answer, admitted all the material facts alleged in the bill, except that part which charges that he admitted that he had the sum of $500 in his hands, subject to the assignment to the orators; that charge he wholly denied. And he alleged, that, in May, 1830, the defendant, Slason, notified him that Slason, together with Philip Pond and John Williams, had obtained the consent of Adams that the proceeds of the notes, indorsed by Adams to Norton, might be applied in part payment of debts due from Adams to Slason, Pond and Williams, as he believed, in equal proportions; that on the first day of August, 1830, the defendant with the consent of Adams, agreed to transfer and deliver all of said notes to them, and they agreed to give the defendant, Norton, their bond, in the penal sum of one thousand dollars, to indemnify him against the note given to

McClure; that afterwards a part of said notes, and a statement of the remainder, and their proceeds, in the hands of Orson Clark, were delivered by Norton to Slason, for Slason, Pond and Williams, and on the 22d day of June, 1831, Pond and Slason executed their bond to Norton to indemnify him against the note given to McClure and the assignment to the orators.

The defendant, Slason, in his answer, alleged, that in the summer of 1830, he, with Pond and Williams, agreed with Adams that they (Slason, Pond and Williams) should receive the benefit and proceeds of the demands indorsed by Adams to Norton on being indemnified against the note given by Adams and Norton to McClure, and that the defendant Slason, and Pond, did indemnify Norton against said note in the manner stated in Norton's answer ; that the defendant, Slason, had never received any of the proceeds of the notes indorsed by Adams to Norton, except the amount due on certain notes against James Merrill and about thirty dollars on a note against Joseph Brown; that other of said notes had been placed in the hands of Orson Clark for collection and the money collected by him on such notes remained in Clark's hands, with the understanding that it was to be applied for the use and benefit of Pond, and that Pond, Williams, and the defendant, Slason, had not made a full settlement of said business among themselves.

The defendant, Slason, admitted that Norton had paid him a small sum to apply on his note against Adams ; and he further alleged that all the proceeds of the notes so received of Norton were not sufficient to pay the sums that Adams justly owed to Slason, Pond and Williams.

The answers were traversed and testimony was taken. The facts found from the testimony sufficiently appear in the opinion of the court.

*E. A. Ormsbee* and *O. Clark,* for defendants.

I. Between two sets of creditors of an insolvent debtor, chancery will not interfere to take the assets from the possession of one and give them to another.

In the view of chancery, Slason and Pond have equally as meritorious a claim upon the notes indorsed by Adams to Norton as the orators have.

The bill, so far as regards Norton, is a bill for a discovery. He is emphatically the orator's witness. His answer contains a clear history of the case, and its truth and correctness cannot be doubted.

The answers of Slason and Norton materally corroborate each other.

II. Before a decree should be made, Pond ought to be made a party.

*J. Clark* and *R. R. Thrall* for orators.

I. All the material allegations in the orator's bill are admitted by the defendant, Norton, in his answer, and are not denied by Slason.

II. The affirmative allegations in the answer, in avoidance, are not responsive to the bill, are traversed, and are not supported by proofs. 2 Mad. Ch. 446. *Hart* v. *Ten Eyck*, 2 Johns. Ch. R. 87, and note.

1. The rule is, that, between equal equities, the court will not interfere to disturb possession, *supported* by legal title. *Hartley* v. *O'Flaherty*, 1 Beatty, 61, 77; or between two creditors of an insolvent debtor, equity will not interfere, unless one can establish a legal title.

It becomes necessary, therefore, to examine who has the legal title in this case.

To support the legal title in the orators, we refer to the assignment from Adams, and the full admissions of the defendant, Norton, and the testimony. The defendants show no assignment, either in writing or by parol. Slason's answer is not responsive, and is not evidence to prove that fact; but, if it was evidence, it does not established the title in the defendants. The answer of Norton is not evidence for Slason.

2. There is no evidence that Slason, Pond or Williams, were the creditors of Adams. This should be clearly established by direct proof and should not be left to be inferred by implication. Slason's answer is not responsive, nor did it establish any debt either in himself or Williams or Pond. If he had a claim, should he not have specified what that claim was, that the court might judge whether it was or was not a valid claim.

We think it clear from the bill, answers and proof, 1.

that the orators have established a debt against Cyrus Adams, and an assignment to them of all his interest in the demands in Norton's hands.   2. That Norton has been indemnified against the McClure note.   3. That there is no evidence to establish a debt in favor of either Slason, Pond or Williams against Cyrus Adams.   4. That there is no evidence of an assignment from Adams to Slason, Pond or Williams, and that the orators are entitled to have the decree of the chancellor affirmed.

The opinion of the court was delivered by   -

WILLIAMS, Ch. J.—The answers in this case were traversed.   Where answers are not responsive to the bill, and where they set forth matters in avoidance of the claim, of the orator, they must be proved.   The answer of one of the defendants is not evidence for the other.   The orator has established, both by evidence as well as by the admissions in the answers, that the several notes and claims which it is the object of this suit to recover, were placed in the hands of the defendant, Norton, to secure or indemnify him for having signed a note with Cyrus Adams to one McClure; that all the remaining interest of Adams in the several notes, on the 25th day of December, 1830, was assigned to them, they being judgment creditors of Adams, of which notice was immediately given to the defendant, Norton; that the note which the defendant, Norton, gave to McClure, was void, on account of usury, and was delivered up to Norton, to be cancelled, before commencing this bill.   The duty of Norton, under these circumstances, was obvious.   He held all the notes and claims as trustee for Adams in the first place, and therefore the orators, after the *purpose for* which they were originally placed in his hands was accomplished, were entitled to receive them as the as the assignees of Adams.   If Norton gave them up to any one else, on receiving a bond of indemnity, he would remain liable to the orators, and must resort to his indemnity.

No evidence whatever is given, that these several claims, thus in the hands of Norton, were ever sold or assigned by Adams, *for a valuable consideration,* to the other defendant, Slason.   Slason does not directly alledge any indebtedness from Adams to him, or any assignment to him, nor is there

any proof to that effect. The answer of Norton, that Slason notified him, in the month of May, 1830, that Adams had agreed, that he, Slason, and Pond and Williams, should have the benefit of the demands in his, Norton's, hands, and that in August, 1830, he agreed to deliver them to them with the assent of Adams, is not evidence for the other defendant, is not supported by any proof, and, moreover, is disproved by the testimony of two witnesses. The proceedings had before the commissioners, when Adams attempted to avail himself of the oath for poor debtors, in December, 1830, with the fact that no notice is taken of any claim of the defendant, Slason, in the assignment then made to the orators, corroborates the testimony of the witnesses, that the defendant, Norton, in his answer, must have been mistaken as to the time when he first learned that Slason, Pond or Williams, made any claim to the notes in question.

On the evidence, we think the orators have established their claim to the demands originally placed in the hands of Norton, and that no other claim thereto is established, and, of course, are entitled to the relief asked for in their bill.

It is now insisted, by the defendants, that Williams and Pond should have been made parties to this bill. We see nothing in the case, however, which renders that necessary. It may well be doubted whether advantage can be taken of the want of proper parties when a case comes before this court, on appeal, particularly if it does not distinctly appear that it was insisted on before the chancellor. A bill is not to be dismissed, at the hearing, for want of parties, and, if not insisted on by demurrer, or plea, if it appears that a decree cannot be made without other parties, the case will only stand over to give the orators an opportunity to bring the other parties before the court, either by amendment, or supplemental bill, as the case may be. In this case the orators probably made Slason a party because the funds had been transferred to him. It does not now appear that either Pond or Williams have received any part of the notes originally placed with Norton, except that a sum of about one hundred dollars was paid to Pond by the direction of Slason. Nor, as we have already remarked, did either Slason, Pond or Williams show any legal claim to them. All the interest which they appear to have is, that the defendants

Rutland,
February,
1842.

Cannon et al.
v.
Norton et al.

now say that Pond and Williams were to be equally interested with Slason, and that Pond joined with Slason in the bond of indemnity to Norton against the claim of the orators. Although this precluded the defendants from availing themselves of the testimony of Williams, it did not furnish such evidence as rendered it necessary to bring either of them before the court in this case. It would not have been safe for the orators to have made them parties, without other evidence of their interest in the object of this suit than is now afforded. We are satisfied the decree of the chancellor was correct in holding the defendants responsible for the demands in their hands. It appears that the chancellor held the defendant, Norton, responsible for the whole amount of the claims originally placed in his hands, which had been collected or on which the money had been realized, and the defendant, Slason, responsible jointly with Norton for such sums only as he received, and it is now urged, on the part of the defendant, Norton, that a greater sum was received by the defendant, Slason, than he was ordered to pay by the chancellor. On examination of the evidence, we find this to be the case, and that the greater part of the proceeds of the notes, originally received by Norton, has been paid to Slason, and, inasmuch as Slason, on receiving the same of Norton, gave him a bond not only to indemnify him against the claim of McClure, but also against the claim of the orators, for which this bill was brought, we think he ought to be treated as jointly holden with Norton, to the orators, for the whole amount reported by the master. The decree of the chancellor should, therefore, be altered, and the defendants held accountable jointly and severally to the orators for the proceeds of the several demands which the defendant held as trustee for them, and which have been paid by him to Slason. The decree will be, that the defendants pay the amount reported by the master, with interest and cost, and the additional cost of this appeal, in thirty days, or that execution issue therefor.

A mandate issued to the court of chancery to execute the decree.