JOHN PLEASANTON, JAMES CUMMINS AND RICHARD ROE,

*vs.*

JOHN RAUGHLEY, ALEXANDER PLEASANTON AND JOHN DOE.

*Kent, March T. 1867.*

A parol contract for the sale of land, partly performed, may be enforced upon a bill for specific performance.

When there is no proof in support of the contract alleged in the bill, and the answer admits a contract of sale, but different in its terms, the complainant may, in some cases, have a decree for the performance of the contract admitted by the answer.

But in such case, if the relief were contested upon that ground, it would be proper, out of respect for the rules of pleading, to require the amendment of the bill.

A decree cannot be made for a party until he is already entitled to the relief it is to give. The decree, when made, must be absolute and final, and not contingent upon something yet to be done by the complainant to entitle himself to relief.

When a complainant was entitled to relief upon the allegations of the bill, but, upon the case as heard, could only become entitled to a decree for a conveyance after the payment of a part of the consideration, found to be still due, instead of dismissing the bill, the Court may order him to pay the necessary sum into Court, within a time fixed, for the use of the party entitled, and, when this order is complied with, a conveyance can be decreed.

An answer being responsive becomes evidence in the cause for all the purposes of the cause, as is the testimony of a witness, except only that an answer is not evidence against a co-defendant, but, in favor of a co-defendant, an answer, so far as it is responsive, is evidence.

BILL FOR THE SPECIFIC PERFORMANCE OF A PAROL CONTRACT FOR THE SALE OF LANDS PART PERFORMED.— This case was submitted upon bill and answer without argument. The material facts are sufficiently stated in the opinion of the Court.

*Comegys* and *Penington*, for the complainants.

*N. B. Smithers*, for the defendants.

THE CHANCELLOR :—

This is a bill filed for specific performance of a contract for the conveyance of real estate. The bill alleges that about January 1st, 1853, Alexander Pleasanton contracted by parol to sell and convey to the complainant, John Pleasanton, a small tract of twelve acres for the sum of $300, of which there was to be paid in cash $50, and to be delivered as part of the consideration, fifty bushels of corn and a colt ; that upon the payment of the $50, in cash, and the delivery of the corn and colt, the vendor was to execute a deed, and, as to the balance of the purchase money, the payment was to be in work, goods and chattels, or otherwise, as the complainant could make it. The bill alleges that about two months after the contract, possession of the twelve acres was delivered to the complainant ; that within four months after the contract, he paid to the vendor $50, and delivered to him fifty bushels of corn and the colt, and performed labor and service for the vendor, the whole amounting in value to more than $60 ; and that, thereupon, he demanded a deed which was refused ; that subsequently one of the defendants, John Raughley, took from the vendor a conveyance of the twelve acres as part of a larger tract, having knowledge that the twelve acres had been sold to the complainant, and possession delivered to him, and part payment made of the purchase money.

Upon the case thus made, the complainant prays a decree for a conveyance from Raughley, tendering himself ready to pay the residue of the purchase money. The case unquestionably entitles him to this relief if supported by sufficient proof.

No testimony whatever as to the contract or its part performance, is adduced. Whether the complainant's case

is established, depends upon the question how far it is admitted by the answers.

The answers admit that a contract of sale was made ; that it was part performed by delivery of possession and, therefore, is enforceable in equity, although within the Statute of Frauds ; that it was for a tract sufficiently defined, and which was ascertained in fact by delivery of possession, containing, according to the answers, ten acres ; that the consideration was $300. As to the subject matter of the contract, *i. e.*, the land sold and the price, the answers agree with the bill. As to the stipulated time and mode of performance on both sides, they disagree. The answer of Alex. Pleasanton, the vendor, alleging that $150 was to be paid in cash upon which the deed was to be executed and the balance of the purchase money then secured by bond and mortgage payable in six years. The allegation of the bill, that the consideration was to be paid in part by the delivery of a colt and by work, is denied.

These admissions of the answers shew a contract of sale part performed, in itself sufficient to entitle a purchaser to specific performance. But whether, this complainant having failed to establish his contract as it is alleged in the bill, the Court should decree performance of the contract as it is set forth by the answers, I had at first some doubt. Formerly the complainant was held to the contract as he alleged it, and could not be relieved upon one different in its terms, though established by evidence or admitted by answer, at least without an amendment of the bill. But of this rule there have been relaxations. One is where the defendant, having himself a right to performance of the contract as admitted by him, submits himself in his answer to perform it. The answer in this case has been allowed the effect of a cross-bill, saving expense and delay. *Sto. Eq. Pl.* § 394, and cases cited.

One other relaxation has been made in *Mortimer vs. Orchard*, 2 *Ves. Jr.* 243, where the contract, as admitted

by the defendant, had been, to a great extent, performed ; in consideration of this, the case being a clear one, a decree was made in accordance with the answer without dismissing the bill, in order to prevent injustice.

The principle of that decision would warrant a decree in this case upon the contract as set forth in the answer, without either dismissing the bill or requiring an amendment.

Still, were the case contested on this ground, I should incline, out of regard to the rules of pleading, to require an amendment of the bill in order to a decree ; but as the case has been submitted without objection by the defendant, and with expressed willingness on the part of his solicitor that the cause may be disposed of upon its merits, I feel at liberty to treat the contract set forth in the answer as if it had been so alleged in the bill, and to decree a specific performance of it upon the payment of what may remain unpaid of the purchase money, $300, now wholly due, with its interest. And this is the next point for consideration.

The complainant claims credit on the purchase money to the amount of $160 by the payment of cash, the delivery of a colt and corn and by work. He adduces no testimony whatever to support this claim ; and therefore, whether it be allowed, and to what amount, depends solely upon such admission as the answers may make. Both the answers positively deny the delivering of any colt or corn, or the rendering of any service on account of this purchase. These items then, must be laid out of consideration. It then remains to consider how much of the purchase money is shewn by the answers to have been paid in cash. On this point, the answers are not in entire harmony with each other. Raughley's answer states his belief, founded upon information from Alex. Pleasanton at the time of his (Raughley's) purchase, and afterwards, that John had paid $70 or $75. He does not admit such payment as a fact

for the purposes of the cause; but expressly prays that the complainant may be held to proof of his payments, the several sums and dates. Alexander Pleasanton's answer positively denies that any credit is due beyond $16, that is, $6 for cash and $10 for work; and the time of this credit the answer fixes at about June 1854. Now both of these answers, being responsive on this point, are evidence in the cause, made such by the complainant, and both of them, for whatever credit may attach to them respectively, must be considered and weighed upon the question of payment. In considering their effect, taken together, I have thought it proper not to treat the question to be decided as if it were whether the answers establish *as a matter of defense* that no more than the $16 was paid, or whether, in other words, Alexander Pleasanton's flat denial of any credit beyond $16 must be taken as neutralizing or wholly outweighing Raughley's statement that Alexander had admitted to him credits to the amount of $70 or $75. Rather the question is, whether *the complainant has established his claim* to any credit beyond the $16 by evidence so clearly satisfying the conscience of the Court as to justify a decree maintaining such claim. To this I must answer in the negative. Raughley's answer is not to a matter of which he was personally cognizant, but is only upon information from Alexander eight or ten years ago. There is here *room* for mistake or lapse of memory, whether or not there was such in fact. Against Raughley's recollection is the direct and positive answer, under oath of Alexander Pleasanton, the party to the transaction, whose memory cannot be supposed to be at fault and whose veracity is not impeached. Can I attach to it so little weight as to say that, *against its positive denial*, the recollection or impressions of Raughley as to statements made years ago, in a matter in which mistake or forgetfulness was at least possible, afford clear and satisfactory proof of the credit claimed? Certainly not; and this is decisive, without struggling to determine what was the actual fact on this point.

Before leaving this subject, it may be added that the effect to be given to Alexander Pleasanton's answer, as to payment, is not the less because it operates in favor of Raughley, a co-defendant, and, who for the purpose of relief, is the real defendant. For an answer *being responsive*, becomes *evidence in the cause and for all purposes of the cause*, as is the testimony of a witness :—except only that an answer is not evidence against a co-defendant ; and this for a special reason, that if the answer were so used, the co-defendant might be unfairly charged upon interrogatories framed only by the complainant and without opportunity to cross-examine. But *in favor* of a co-defendant, an answer, so far as it is responsive, is evidence. 2 *Dan. Ch. Pr.* 838 ; *Field vs. Holland*, 6 *Cranch* 8 ; *Mills vs. Gore*, 20 *Pick* 28. It is otherwise so far as the answer is *not* responsive, as in *Cannon vs. Norton*, 14 *Vt.* 178. Nor is the answer, as evidence in favor of Raughley, deprived of all effect by Raughley's having stated in his answer a larger credit ; because his answer on this point is not an admission of the fact for the cause, but only a statement upon information, and leaves the question open to proof and subject to any appropriate sort of evidence. Raughley's statement affects Alexander Pleasanton's only as to its credit, and, in that respect, it has been already considered.

Then as between the original parties, John and Alexander Pleasanton, a decree for a specific performance would be made upon payment by John of the balance of $300, and interest from March 1st 1853, the time at which John took possession, subject to a credit of $16, as of, say, June 15th, 1854, which is as near the date of the credit as it can be fixed from Alexander Pleasanton's answer.

One other point, which some statements in the answers have suggested for consideration, viz., the right to a specific performance as against Raughley the purchaser. He is not a purchaser for consideration and without notice ; such as equity always protects. Though he purchased for a consideration, he must be taken to have had notice of

17

this contract. His answer admits that before his purchase, he had heard of the contract of sale to the complainant. Even without this admission of actual notice, the complainant's possession of the premises as a purchase, before, and at the time of Raughley's purchase, was constructive notice. To counteract the effect of the admission that he purchased with notice Raughley alleges two facts ;—one is that, at the time of his purchase, he was informed by Alexander Pleasanton that "John could not pay for the "*land and had given it up.*" Alexander Pleasanton makes the same statement. I need not undertake to decide whether this statement is to be considered responsive to the allegation of the bill that Raughley purchased with notice of the sale to the complainant. For, even admitting as a fact that Alexander Pleasanton did make such a statement, Raughley does not allege that he purchased relying upon it; and if he had done so, that could not affect John Pleasanton's rights nor excuse the defendant from his obvious duty to inquire of John before purchasing. His reliance on Alexander Pleasanton's information alone was his own folly. The other fact stated in the answer to avoid the liability of Raughley as a purchaser with notice is that, "after he had purchased the land from Alexander "Pleasanton, he inquired of John Pleasanton whether he "had paid for the land claimed by him, and that John re- "plied to him, no I have paid a part, and do not intend "to pay any more." Such a statement by John Pleasanton, if it were proved, is immaterial. Raughley had already purchased, uninfluenced by any declaration on the part of John Pleasanton ; his obligations to convey in fulfillment of his vendor's contract, followed the land and was not released or avoided by any subsequent statement of this nature made by John. But, at all events, this allegation is not responsive to the bill, and is sustained by no proof. The present hearing is not upon bill and answer under the Eleventh Rule of Court, in which case the whole answer is taken to be true, but the cause is heard upon replications and issues, and each party is put to prove his case.

It is my opinion that the complainant may, by payment of the purchase money, entitle himself to a conveyance of the premises as well from Raughley, as he might have done from Alexander Pleasanton before his deed to Raughley.

The complainant is not now entitled to a decree He must have fully first performed the contract on his part.   Usually this is done before the bill is filed; but, in the present case, there was a dispute as to the terms of performance.   The complainant had done enough, according to the allegations of the bill to entitle him to a deed under the contract ; but upon the case as it now stands, he is not entitled, and can only become so, by an additional payment to the amount before decided. Instead of dismissing the bill, the Court may order him to pay the necessary sum into Court within a time fixed for the use of the party entitled to it.  This order being complied with, a conveyance to him can be decreed, otherwise the bill must necessarily be dismissed.   No present decree can be made that a conveyance executed on the future payment of the balance due.   A decree cannot be made for a party until he is already entitled to the relief. it is to give.   The decree, when made, must be absolute and final, and not contingent upon something yet to be done by the complainant to entitle himself to relief.

It was thereupon, Oct. 3d, 1867, decreed that Raughley should specifically perform, upon payment of the sum of $300, with interest from March, 1853, subject to a credit, as to such interest of $16 as of June 15th, 1854.   And it was ordered that the complainant deposit the sum due, to the credit of the Court in the Farmers Bank, on or before January 1st, then next, the Chancellor reserving the right to make further order and decree.   On February 17th, 1868, it appearing to the Chancellor that the complainant had failed to comply with the order to make

deposit of the money, it was, on motion of the defendant's solicitor, ordered and decreed that the injunction be dissolved and bill dismissed and complainant for costs.