EDGAR H. WHITING *vs.* WILLIAM H. DYER.

PROVIDENCE—NOVEMBER 30, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Constructive and Resulting Trusts.   Statute of Frauds.*

Constructive trusts are not within the statute of frauds, and, therefore, do not require a note or memorandum in writing for their proof.
Of this character are trusts which arise *ex maleficio,* where equity treats the wrong-doer as a trustee for the injured party.

(2)  *Equity Pleading and Practice.*

When the bill does not show that the agreement on which the trust is founded was not in writing, an objection on this ground should be taken by plea or answer, and not by demurrer.

BILL IN EQUITY to establish a trust as to land purchased by the respondent with his own money, but under an agreement that it should be for the benefit of the complainant's mother. Heard on demurrer to the bill.

(1)   MATTESON, C. J.   This is a bill to establish a trust.   The respondent has demurred to the bill.   The ground urged in the respondent's brief in support of the demurrer is that, as the money paid for the land, alleged in the bill to have been purchased by the respondent in pursuance of the agreement

between him and the complainant's mother to purchase it for her benefit, was not furnished by her but was the respondent's own money, no resulting trust arises; and hence, as the bill does not aver that the agreement was in writing, it is fatally defective. There are, however, other constructive trusts besides resulting trusts, which are not within the statute of frauds, and therefore do not require a note or memorandum in writing for their proof. Such are trusts which arise *ex maleficio*, as, for instance, where a person acquires title to an estate through fraud or the abuse of a confidential relation, in which case equity treats the wrong-doer as a trustee for the injured party. *Wood* v. *Rabe*, 96 N. Y. 414; *Aborn* v. *Padelford*, 17 R. I. 143. But assuming that it is necessary to the maintenance of the bill that the agreement in question should have been in writing, the bill does not show that it was not in writing, and therefore the objection that it was not in writing should have been taken by plea or answer, and not by demurrer. *Cranston* v. *Smith*, 6 R. I. 231; Rescript in *Taft* v. *Dimond*, filed June 26, 1885 (March term 1885, 67th day).[1]

The demurrer is therefore overruled.

*Dexter B. Potter and Nathan B. Lewis*, for complainant.
*Charles J. Arms*, for respondent.

---

[1] EDWARD A. TAFT *et al.*

        *vs.*            Equity, 2289.

FRANCIS M. DIMOND *et al.*

### RESCRIPT.

The bill alleges that the respondent Dimond acknowledged during the life-time of the said Sarah A. Brayton that he held the estate described in the bill in trust for her, and that, since her decease, he has acknowledged that he held said estate in trust for her heirs, the complainants. Such acknowledgment, for aught that appears, may have been in writing and by an obligation under seal, and, therefore, of as solemn and binding a nature as the covenant in the deed from Sarah A. Brayton to said Dimond.