ARTHUR M. MATTHES,

*vs.*

MARGARET WIER.

*New Castle; Sept.* 18, 1912.

The jurisdiction of a court of equity to require a vendor to specifically perform an executory contract to sell real estate rests on the inadequacy of any legal remedy and on the theory that the purchaser has acquired an equitable interest, which the court perfects by requiring the transfer of the legal estate.

A purchaser in an executory contract for the sale of real estate acquires an equitable interest.

An executory contract, to authorize specific performance, must be certain, unambiguous, mutual, supported by a valuable consideration, fair in all its parts, free from any misrepresentation, fraud, mistake, imposition, or surprise, and its performance must not be oppressive, and it must be capable of specific execution through a decree of court.

Where defendant alone has signed a memorandum required by the Statute of Frauds, the requisite mutuality essential to justify specific performance is supplied by complainant filing his bill for specific performance.

An agreement to make a lease may be enforced in equity.

An agreement to make a lease, as distinguished from a present oral lease, is within the Statute of Frauds, and must be in writing.

A defendant in an action for the specific performance of an oral contract within the Statute of Frauds, who admits the agreement, but does not set up the statute, presumptively waives its protection; and where he admits the parol agreement, and insists on the benefit of the statute by plea or answer, he will be entitled to it.

Where the bill in a suit for specific performance of a contract sets up an agreement invalid under the Statute of Frauds, unless in writing, and defendant by answer denies the agreement, he need not insist on the statute as a bar; but complainant at the hearing must establish the agreement by written evidence.

Where an oral contract for the sale or lease of land possesses the ele-

ments necessary to justify specific performance, except the written memorandum required by the Statute of Frauds, and the contract is partly performed by the party seeking the remedy, equity may decree specific performance, notwithstanding the statute.

Part performance of a parol contract within the Statute of Frauds removes the bar of the statute; and part payment of the price, acknowledged in writing, is such part performance.

An agent, acting for the owner, orally agreed to lease the premises to a third person for a fixed term at an annual rental, payable monthly, with the right of the third person to purchase for a specified sum. The third person submitted to the agent a draft of the lease, embracing the terms of the agreement, to be executed by the owner, and at the same time delivered to the agent a certified check as part payment on account of the purchase price. The lease was not at that time signed by the third party, but the agent stated that he desired to submit the draft to a lawyer, and would send to the third person a receipt for the money paid. A receipt signed by the agent, followed by the initials of the owner, in the owner's handwriting, was delivered to the third person. The lease was not mentioned in the receipt, which recited that the payment was on account of purchase of property described. The owner knew at the time that a lease, with the right to purchase, had been agreed on, and he accepted the partial payment. There was nothing to show that the terms of the agreement were unfair. *Held*, that the oral agreement to make the lease was enforceable in equity at the suit of the third person.

BILL FOR SPECIFIC PERFORMANCE. The bill in this cause was by Arthur M. Matthes against Margaret Wier for specific performance of a contract to lease a certain piece of property, known as 811 King Street, in the City of Wilmington, with an option to the lessee to purchase the property at any time during the term of the lease at the price stated therein.

The cause was heard on bill, answer, testimony and exhibits, and a decree for specific performance was rendered. The facts sufficiently appear in the opinion of the Chancellor.

*David J. Reinhardt*, for the complainant.
*Harry Emmons*, for the defendant.

THE CHANCELLOR. The bill sets up a right to specific performance of an agreement to lease to the complainant a lot of land, with a store thereon erected, for a term of years with the

right of the lessee to purchase the demised premises during the term. It is alleged and shown that the defendant, Margaret Wier, owned a lot of land and store in Wilmington, known as No. 811 King Street, and that her brother, Thomas M. Wier (as her agent), on or about December 16, 1909, made a parol agreement with the complainant to lease to him the premises, No. 811 King Street, for five years, commencing March 25, 1910, at a rent of three hundred and sixty dollars per annum, payable in monthly installments of thirty dollars per month, the first payment to be made April 25, 1910, the lessor agreeing that the lessee during the term could purchase the premises for sixty-five hundred dollars, and that upon payment of the purchase money the premises should be conveyed to the lessee and the lease be thereby determined. Subsequently the complainant submitted to Thomas M. Wier a draft of a lease embracing the above terms to be executed by the owner and at the same time delivered to Thomas M. Wier a certified check for one hundred dollars as a payment on account of the purchase price. The lease was not at that time signed by either party, but Thomas M. Wier then stated he was satisfied, but wanted to submit the draft of agreement to a lawyer and would send to the complainant a receipt for the money paid. A few days later the complainant was given a receipt for the money, as follows:

"Received December 16th, 1909, from Arthur M. Matthes a check for one hundred dollars, in payment on account of purchase of property 811 King St.

"$100.                    Received payment.
                                    Thomas M. Weir,
                                        "M. W."

It was admitted that the whole of the receipt was written by the defendant, Margaret Wier, by the direction of her brother. Thomas M. Wier. She so testified, and further testified that she had received the money and deposited it to her own credit; that she had seen the draft of the lease, had consulted her attorney concerning it, but could not say whether the consultation was before or after she wrote the receipt, or before or

after it had been sent to the complainant. It was shown by the testimony of George E. Miller, a witness having no interest in the matter, that Margaret Wier admitted that Thomas M. Wier was her agent "partly," and that she had been satisfied with the terms of the lease until she consulted her attorney. Margaret Wier retained the one hundred dollars for nearly four months and then endeavored to return it to the complainant, who refused to accept it. The testimony of Margaret Wier and her explanations are unsatisfactory, but it does appear therefrom that when she took the one hundred dollars and wrote the receipt she knew that it was a payment on account of the purchase price of the premises, No. 811 King Street, and that according to the arrangement made by her brother for her, and the draft of the lease, the complainant had the right to purchase the property at the price therein stated. When she signed the receipt she knew that the form of agreement which the complainant submitted involved a possible purchase of No. 811 King Street.

It is not denied that the draft of the lease stated the agreement made between Thomas M. Wier and the complainant, but the agency of Thomas M. Wier to act for Margaret Wier was denied, and it was urged further, as a defense, that there was no written evidence of the agency.

The prayer of the bill is that the defendant be decreed to specifically perform the agreement and be required to grant a lease pursuant thereto.

The jurisdiction of the Court of Chancery to require a vendor to specifically perform an executory contract to sell land is well established and based on the broad principle that to do so would do more perfect and complete justice than by remitting the vendee to the recovery of damages at law. Inadequacy of the legal remedy is always assumed. But a surer ground for the remedy is the consideration, that the vendee by reason of the contract acquires an equitable interest in the land, which the court perfects by requiring the transfer to him of the legal estate. Therefore the right to specific performance of a contract for the sale of land depends not merely upon the inadequacy of the legal remedy of damages, but also on the

equitable interest which he acquires by the contract. 1 *Pomeroy on Equity Jurisprudence* §221, note.

In this State the equitable interest which a vendee acquires under a valid contract for sale of land has been recognized. *Flanagin v. Daws*, 2 *Houst.* 476. But the existence of this equitable interest has not here been regarded as the basis for relief of specific performance to the vendee, and the prevention of fraud has generally been regarded here as the origin of the jurisdiction.

In a sense the making of a decree is discretionary; but this should be taken to mean that if the elements, conditions and incidents which equity regards as essential to the administration of its peculiar modes of relief are present, the remedial right is perfect in equity. With respect to the remedy of specific performance of executory contracts, the elements are thus stated by Pomeroy:

"The contract must be concluded, certain, unambiguous, mutual and upon a valuable consideration; it must be perfectly fair in all its parts; free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; not an unconscionable or hard bargain; and its performance not oppressive upon the defendant; and finally it must be capable of specific execution through a decree of the court." 3 *Pomeroy on Equity Jurisprudence* (2d Ed.) §1404, *note* 1, *p.* 2162.

This summary is in accord with the decisions of the courts of this State. Where the defendant alone has signed the memorandum required by the Statue of Frauds, the requisite mutuality is supplied by the complainant filing his bill. 3 *Pomeroy on Equity Jurisprudence* (2d Ed.) §1405, *note* 1, *p.* 2163; *Clason v. Bailey*, 14 *Johns.* (*N. Y.*) 484; *Hodges v. Kowing*, 58 *Conn.* 12, 18 *Atl.* 979, 7 *L. R. A.* 87; *Moses v. McClain*, 82 *Ala.* 370, 2 *South.* 741; *Docter v. Hellburg*, 65 *Wis.* 415, 27 *N. W.* 176; *Mastin v. Grimes*, 88 *Mo.* 478.

The parol contract set up by the bill meets all these requirements. The requisites stated by Chancellor Saulsbury in *Connaway v. Wright's Admr.*, 5 *Del. Ch.* 472, are present, viz.: "A valuable consideration, particularity, certainty, mutuality and a necessity for performance." All these appear

in the draft of the proposed lease submitted to the defendant for execution as containing all the terms agreed upon—the premises to be demised, the terms, and the rent and the terms of the purchase, including the price to be paid, and the time within which the purchase could be made. No inequitable elements appeared to impeach the fairness of the bargain, or mistake, imposition or hard bargain, or even inadequacy of rent or purchase price. Mutuality is supplied by the filing of the bill.

In this case there is not in the memorandum signed by the vendor such full statement of the terms of the contract as is required. There is, for instance, no statement of the purchase price, and there is no mention in it of a lease, and, therefore, no such memorandum of the terms thereof as the court must have in awarding the relief asked for, viz., a decree that the defendant execute a certain lease to the complainant. To prove the contract, therefore, the complainant must resort to oral testimony, if the defendant is entitled to the protection of the Statute of Frauds.

The bill asks specific performance of an agreement to make a lease. Such an agreement may be enforced in equity. *Tiffany on Landlord and Tenant, p.* 393. But such an agreement, as distinguished from a present oral demise, is within the terms of the Statute of Frauds and, according to it, must be in writing and cannot be proved by parol. *Scotten v. Brown,* 4 *Harr.* 324.

At the hearing, without having demurred to the bill, or pleaded the statute, or claimed the benefit thereof by the answer, the defendant insists on the protection of the statute. The law respecting the protection of the statute, where it is not pleaded, is well settled. If the defendant admits the parol agreement and does not set up the statute, he is presumed to have waived its protection. If he admits the parol agreement and insists on the benefit of the statute by plea, or in his answer, he will be entitled to it. 2 *Story's Equity Jurisprudence,* §755. The defendant says, that the making of the agreement is denied by the answer and that this puts the complainant to the proof of it by a writing or memorandum signed by the defendant, or some one authorized in writing to so sign, though the

statute be not pleaded. It is true that where the bill sets up an agreement which would be invalid by the Statute of Frauds, unless it be in writing, and the defendant by answer denies the agreement, he need not insist on the statue as a bar, but the complainant at the hearing must establish the agreement by written evidence. *Brown on Statute of Frauds*, §511, and many cases cited.

Assuming, however, that the defendant did in fact deny the making of the contract in question, still it does not follow that the statute is a bar to proof of the oral contract. If a verbal contract for the sale or leasing of land possesses all the elements and features necessary to justify the specific enforcement of an agreement, except the written memorandum required by the Statute of Frauds, and the contract be partly performed by the party seeking the remedy, a Court of Chancery may decree specific performance notwithstanding that statute. This also is as well settled in Delaware as elsewhere.

In *Cannon v. Collins*, 3 *Del. Ch.* 132, Chancellor Bates held that where a parol contract, not in writing as the Statute of Frauds requires, has been partly performed by one party to it, proof of the contract may be made by admissions of the defendant, not in writing, though the defendant by his answer deny the making of the contract. Part performance removes the bar of the statute, because it shows that there is some contract between the parties, and the court should allow it to be shown what the terms of it were, even by parol evidence. It is immaterial, then, as to the extent of part performance, so long as the act relied on is an unequivocal recognition by both parties of the existence of some contract. The principle is thus illustrated in the following cases in Delaware: In *Carlisle v. Fleming*, 1 *Harr.* 421, 431, the Court of Errors and Appeals, in 1834, adopted the language of the Chancellor in *Gunter v. Halsey, Ambler*, 586:

"And as to the acts done in part performance they must be such as could be done with no other view or design than to perform the agreement."

The same court, in the following year, in *Townsend v. Houston*, 1 *Harr.* 532, 543 (27 *Am. Dec.* 732) said:

"The act relied on as part performance should be such as would not have been done independent of some contract or agreement relative to land; because as you are from the act performed to infer a contract, it must therefore be an act of that description, which will not admit of any other inference. * * * the act must, to a certain extent be a joint act, or such as clearly indicates mutual assent."

Elsewhere than in Delaware payment in whole or part of the purchase money is not of itself such part performance as justifies a court of equity to disregard the prohibition of the Statute of Frauds. But in Delaware part payment of the purchase price, if shown in writing, is such part performance as removes the bar of the statute. In *Townsend v. Houston*, 1 *Harr*. 532, 27 *Am. Dec.* 732, as early as 1835 the highest court in Delaware definitely established the rule that payment of a part of the purchase money is such a part performance of a parol agreement for the sale of land as will take the case out of the Statute of Frauds if the payment be either admitted by the vendee, or be proved upon him by writing. There the court said:

"* * * If the fact of payment, is connected with the concurrent act of the vendor receiving and appropriating the money paid as purchase money and this appears either by the defendant in his answer confessing the receipt of the money for that purpose as charged in the bill, or if denied it be proved upon him by writing, as by letter under his hand, or other written evidence; * * * in all such cases and upon every principle it seems to me such a fact thus appearing would be conclusive evidence of an existing agreement of which it was part performance and which the defendant having carried part into execution should be compelled specifically to perform the whole."

The case of *Godwin v. Collins*, 4 *Houst*. 28, 56, is not opposed to this. There the Court of Errors and Appeals, after stating that as the contract related to land it must be in writing, and all the terms be shown by the writing, said it was not necessary in that particular case to inquire whether part performance would affect or vary the application of the general doctrine, for there had been no evidence of part performance.

As to part payment, there is no difference in principle between the effect to be given to payment of a small part of

the purchase money and the payment of all or a considerable part of it. Judge Story says such a doctrine would be "too refined and subtle," and payment is part performance in both cases, or is not in either. 2 *Story on Equity Jurisprudence,* §760. Chancellor Johns in *Kinney v. Redden,* 2 *Del. Ch.* 53, could hardly be said to have added, as a qualified requisite, that the payment be of a "considerable" part of the purchase money, and no significance can be given to his use of that word. Therefore, the conclusion is that the payment of the sum of one hundred dollars on account of the purchase money, though perhaps not a considerable part thereof, if it be a recognition of the existence of a contract, is sufficient part performance of it to admit proof of it by oral testimony, for the payment is shown by a writing in the handwriting of the defendant and signed by her. Even if it be necessary to show detriment to the complainant in order to give him specific performance, instead of remitting him to a court of law to recover back his money paid and damages, there is such evidence of it to justify a decree. He was put to trouble, risk of loss and inconvenience in his business by not getting the lease, and has been obliged to pay a much larger rent than that fixed for the premises in question.

Referring now to the facts in this case, it appears that the complainant seeks specific performance of an oral agreement to make a lease, which contained a right to purchase the demised premises. Assuming the statute to have been pleaded, the question is: Were the payment made and the written receipt in evidence in this case, such as under the principles above stated, entitled the complainant to the relief sought? It seems clearly established by the evidence that Thomas M. Wier acted as agent for Margaret Wier, by her consent and with her knowledge, and that the terms of the agreement were settled as stated in the draft of the lease. When she signed the receipt she knew that the payment was part of the purchase money—not rent, or a deposit to be returned to the complainant in case he did not buy during the term. In his bill he said it was such part payment and the receipt so states. The argument made by the defendant's counsel, based on its being only a revocable deposit, is unsound because without foundation of

fact. The receipt is evidence of the agency of Thomas M. Wier, or at least a ratification by Margaret Wier of his acts as her agent. This is clear from the method of signing, "Thomas M. Wier," with her initials under it, all in her handwriting. She thereby adopts his act in negotiating for the sale as part of the agreement to make a lease.

But the lease is not mentioned in the receipt and the contract was for a lease and not for a purchase. Still the right to purchase was evidently an important part of the agreement. The defendant knew that a lease with the right to buy had been agreed on, and when she took the sum of one hundred dollars as part of the purchase price and gave a receipt therefor as such payment, it was a mutual recognition of the existence of an agreement wherein the purchase of the property, No. 811 King Street, was involved and her act could not reasonably be held to be anything else than a recognition of the existence of the parol agreement, the terms of which were set out in the draft submitted to her. The written receipt, therefore, is evidence of assent to the making of the particular lease and is such part performance thereof as entitled the complainant to prove, as he has done, the terms of the oral agreement.

As above indicated there is no ambiguity about the contract, its terms are fair and it was certain and explicit in its terms. The absence of an agreement respecting subletting was not evidence of imposition or unfairness, and may or may not have been important. The bargain was concluded when the receipt was given. For several days before sending it the defendant had in her possession the draft of the lease, and the fair inference from the testimony and her answer is that she knew of its terms. It is unimportant whether she consulted her attorney before or after she signed the receipt and mailed it to the complainant. By her answer her main, and probably only, objection to making the lease was the right given therein to the lessee to purchase the demised premises; but having received part of the purchase price and retained it for four months, and signed a receipt for the money as being a part of the purchase money, no weight should be given to

this as an objection or evidence of dissatisfaction with the contract, for her discontent, if real, came too late.

One defense is that the description of the land in question is inaccurate, in that the lot is described as of a certain depth, whereas the depth is ten feet less. The identification of the premises is sufficiently indicated by designating it as No. 811 King Street. This designation is given to it in the written receipt given by the defendant, and by the parol agreement, the terms of which were incorporated in the draft of the lease submitted to the defendant. True, the bill describes the property by metes and bounds and this particularity is inaccurate, as is claimed. But this is for the complainant to choose. If he is willing, as it appears he is, to accept a lease of a lot with less depth, he may do so, for there would be no real variance between the allegations and proofs. In any event he could amend his bill by correcting the description, as was done in *Pleasanton v. Raughley*, 3 *Del. Ch.* 124, and *Connaway v. Wright's, Admr.*, 5 *Del. Ch.* 472.

The conclusion is that the complainant is entitled to a decree for specific performance of the agreement to make the lease set out in the bill, with such correction in the description of the premises to be demised as will make it conform to the fact.

Let a decree be submitted in accordance herewith.