## COMMISSIONERS OF LEWES,

*vs.*

## BREAKWATER FISHERIES COMPANY.

*Sussex, Jan.* 12, 1921.

Defense of the Statute of Frauds cannot be set up by demurrer unless it affirmatively appears that the agreement respecting land was not in writing.

The defense of the Statute of Frauds is personal and affirmative, to be claimed or set up by defendant, and if not set up in equity is waived.

When laches is plain from the facts alleged in the bill, and there can be no denial thereof, it may be set up by demurrer as a defense, but not where it is negatived in general language in the bill, an allegation which complainant is entitled to opportunity to prove, though not so particular or full as it might have been.

After sustaining a demurrer to the original bill of complaint (*ante p.* 208, 110 *Atl.* 669), an amended bill was filed, and the defendant has demurred. The facts pertinent to a determination of the questions raised by the demurrer appear in the opinion of the Chancellor.

*Daniel J. Layton,* for complainant.

*James M. Tunnell,* and with him *Frank A. Sweezy,* of New York City, for defendant.

THE CHANCELLOR. The proceeding is to reform a written lease. By the bill the complainant on September 4, 1912, leased a tract of land containing eighteen and seven-tenths acres at a rent of twelve hundred dollars per annum. Subsequently this lease was acquired by the defendant company. Thereafter the complainant and defendant agreed that a new lease be made for part only of the land at a smaller rent; that the old lease be cancelled so that the other part of the land be surrendered to the lessor; and that the new lease be prepared by a certain conveyancer.

By mistake of the conveyancer, and contrary to the agreement, the new lease between the complainant and defendant, dated November 3, 1917, did not cancel the original lease as to the land not included in the new lease, the provision on the subject in the new lease being as follows:

"Fourth: All leases or agreements relative to the occupancy of the land and premises *hereinabove described* made between the parties hereto, or their predecessors in title, are hereby cancelled and made null and void."

The effect of this provision was that there were two leases in force, the original lease as to all the land not included in the new one, and the new lease as to part only of the land included in the original lease. If such had been the intention of the parties the new lease would have effected such intention; but the intention was otherwise. The mistake in the written lease was mutual. It was not discovered until about two years later that the mistake had been made, and it was alleged that the complainant's "failure to discover the said error or mistake was not due to its culpable negligence." The defendant claims to hold in two parcels all the land included in the original lease notwithstanding the error. The complainant prays that the lease dated November 3, 1917, between the parties to the cause be reformed so as to include their real agreement and correct the error therein, and that the defendant be required to make a deed of surrender of such part of the land described in the original as was excluded from the second lease.

A demurrer has been filed setting out sixteen objections. The first twelve grounds of demurrer relate to verbiage of the bill, and are not tenable. They are based mostly on an erroneous interpretation of the allegations of the bill respecting the time of executing the lease dated November 3, 1917.

By the thirteenth and fourteenth grounds it is urged that the bill is an attempt to prove an oral contract respecting land in violation of the Statute of Frauds. The defense of the statute cannot be set up by demurrer unless it affirmatively appear that the agreement respecting land was not in writing. *Whiting v. Dyer*, 21 *R. I.* 85, 41 *Atl.* 895; *Piedmont, etc., Co., v. Piedmont etc., Co.*, 96 *Ala.* 389, 11 *South.* 332; 1 *Daniel's Chancery Practice*, 561. It is not definitely stated that the agreement between the

parties respecting the change in the lease was, or was not, in writing, and no satisfactory inference on the subject can be drawn from the language used. It cannot be inferred that it was oral and the complainant is not at fault as a pleader in not negativing the application of the statute, for it is a personal and affirmative defense to be claimed, or set up, by the defendant, and if not set up is waived. *Matthes v. Wier,* 10 *Del. Ch.* 63, 68, 84 *Atl.* 878; 25 *Ruling Case Law,* § 394.

It has been well said that the Statute of Frauds is more than a rule of evidence, and is also a limitation on the powers of courts, both at law and in equity. But it is primarily a rule of evidence and courts of equity in enforcing it are less rigid than courts of law, for part performance of an oral contract for the sale of land may give ground for equitable relief by specific performance. Hence the statute is regarded as a defense to be set up by the party seeking the benefit of it.

The duty of the defendant to set up the statute is admitted by the solicitor for the defendant. Inasmuch, therefore, as the failure to comply with the Statute of Frauds does not appear affirmatively, the defense of the statute is not available by demurrer. This ground of demurrer will, therefore, be overruled.

The fifteenth and sixteenth causes allege laches arising from a lapse of two years without complaint, and because the complainant knew, or was able to know, the contents of the instrument in which the mistake occurred. When laches is plain from the facts alleged, and there be no denial thereof, it may be set up by demurrer as a defense. *Martin v. Martin,* (*Del. Ch.* 1900) 74 *Atl.* 864. But here it is negatived in general language in the bill, and the complainant is entitled to an opportunity to prove the allegation, though the allegation is not as particular or full as it might have been, according to the view expressed in *Martin v. Martin,* cited above. The last two grounds of demurrer are untenable.

An order will be entered overruling the demurrer.