FOREST T. HAMILTON and C. ELIZABETH HAMILTON,

*vs.*

LOUISA M. TRAUB.

*New Castle, March* 12, 1947.

*Daniel F. Wolcott* and *Henry Van der Goes* of the office of Southerland, Berl & Potter, for complainants.

*Francis A. Reardon,* for defendant.

SEITZ, Vice-Chancellor: The real issue is whether the statute of frauds prevents complainants from securing specific performance of an oral agreement to purchase real property. Since this matter arises on a demurrer to the bill as amended, the well pleaded factual allegations are here taken to be true. I shall delineate these allegations.

Complainants, after negotiations with the defendant, made an agreement with the defendant on or about August 30, 1946, to purchase for the sum of $4,700 the premises wherein the defendant then lived and which she owned, known as Lots Nos. 13 and 14 in Section E on the plan of Midvale, New Castle County, Delaware. This was the only dwelling which the defendant then owned. Complainants at the same time deposited with defendant a check payable to her order in the sum of $300 on account of the purchase price. A written memorandum or receipt in the following form was signed by the parties (Exhibit A to the bill of complaint) :

```
"Received $300 as forfeit money pd.
 to Mrs. L. Traub on sale of house                    4700
                                              pd.       300
                                                      ——
                                              Balance  4400
 for Forest & Elizabeth Hamilton
 Aug. 30, 1946.
 Settlement to be made when the deed is searched and approved.

                              /s/  Forest T. Hamilton
                              /s/  C. Elizabeth Hamilton
                              /s/  Louisa M. Traub"
```

By letter dated September 4, 1946, the defendant's attorney returned the check to the father of one of the complainants stating that the defendant could not go through with the sale of her home because it would make her homeless and she was aged. So far as shown, the defendant was entirely competent.

It is then alleged that complainants through their attorney offered to perform the agreement and defendant through her attorney reaffirmed her refusal for the same reasons. Complainants allege that they have been and are now ready and willing to perform the agreement, but that defendant refuses to perform her part. Complainants pray for specific performance of the agreement.

Defendant sets forth in her demurrer several reasons why the bill should be dismissed. However, her solicitor argues only two grounds, and one of these (statute of frauds) is not explicitly mentioned in the demurrer but is briefed by both parties and will be considered. Furthermore, by agreement the demurrer is to apply to the bill as amended. The two grounds of demurrer relied on by defendant are the following:

(1) The alleged agreement as set forth in Exhibit A to the bill is too ambiguous, uncertain and indefinite to be enforced because it does not specify any particular real estate as the subject of the sale.

(2) Oral proof of the term which is missing from the memorandum or receipt (Exhibit A) would violate the statute of frauds.

The clue to defendant's position is found in her solicitor's brief where it is stated that the defendant "contends that the receipt (Exhibit A) does not disclose what property is to be sold." Complainants have asserted several reasons why the demurrer should be overruled, but I shall note but one because I think it is dispositive of the demurrer. Complainants argue that there has been part performance of the oral agreement which is alleged in the bill. This part performance consists of the payment of $300 on the purchase price to the defendant, which payment is evidenced by the memorandum or receipt attached to the bill as Exhibit A, as well as the letters from defendant's attorney which are also attached to the bill.

At least in so far as part performance is concerned, complainants rely on an oral agreement, and they do not rely on the written memorandum or receipt as the agreement. Consequently, defendant's argument that the memorandum or receipt is lacking in an essential term, to wit, identification of the property sold, can have no pertinency here because it assumes, contrary to the fact, that complainants are relying on the memorandum or receipt as constituting the agreement.

As to the defendant's contention based on the statute of frauds, complainants argue that the part performance represented by the part payment removes the oral agreement from its operation. Let us see if this is the case.

In *Matthes v. Wier*, 10 *Del.Ch.* 63, 69, 84 *A.* 878, 881, it was stated by the Chancellor:

"* * * If a verbal contract for the sale or leasing of land possesses all the elements and features necessary to justify the specific enforcement of any agreement, except the written memorandum required by the statute of frauds, and the contract be partly performed by the party seeking the remedy, a Court of Chancery may decree specific performance notwithstanding that statute. This also is as well settled in Delaware as elsewhere."

It has also been settled law in this State since 1835, when our old Court of Errors and Appeals so decided in *Townsend v. Houston*, 1 *Har.* 532, 27 *Am.Dec.* 732, that part payment of the purchase money constitutes such part performance as will remove an oral agreement from the operation of our statute of frauds, assuming the payment is reasonably unequivocal and the requisite mutual assent exists. This principle has been reaffirmed in several subsequent cases. See e. g., *Matthes v. Wier, supra; Sussex Inv. Co. v. Clendaniel*, 15 *Del.Ch.* 19, 129 *A.* 919.

In *Matthes v. Wier, supra*, complainant had made a part payment of $100 evidenced by a receipt from the defendant in the following form:

" 'Received December 16th, 1909, from Arthur M. Matthes a check for one hundred dollars, in payment on account of purchase of property 811 King St.

$100.  Received payment.
Thomas M. Weir, [*sic*]
M. W.' "

The part payment here made by complainants was $300 of a $4,700 purchase price evidenced by the following receipt:

"Received $300 as forfeit money pd.
to Mrs. L. Traub on sale of house                         4700

pd.   300

Balance  4400

for Forest & Elizabeth Hamilton
Aug. 30, 1946.

Settlement to be made when the deed is searched and approved.

/s/ Forest T. Hamilton
/s/ C. Elizabeth Hamilton
/s/ Louisa M. Traub"

Since there may be some question as to whether the $300 part payment was a sufficient part payment to bring into play the part performance doctrine, I must advert once more to the language of the court in *Matthes v. Wier, supra,* where it was said:

"* * * Therefore, the conclusion is that the payment of the sum of one hundred dollars on account of the purchase money, though perhaps not a considerable part thereof, if it be a recognition of the existence of a contract is sufficient part performance of it to admit proof of it by oral testimony, for the payment is shown by a writing in the handwriting of the defendant and signed by her."

Since the bill alleges facts constituting part performance and also alleges the existence of written evidence of receipt thereof by the defendant, I do not believe the defendant under the circumstances of this case can defeat the application of this doctrine by returning the check uncashed. I say this because the theory behind the recognition of part

performance as a substitute for the statute of frauds is that such act constitutes substantial evidence of the existence of a contract and affords the protection against fraud otherwise supplied by the statute of frauds. So viewed, the fact that the check was returned uncashed is unimportant.

The receipt signed by defendant, as well as her attorney's letters, show the unequivocal nature of the part payment as well as the requisite mutual assent.

Since the bill alleges a definite agreement, presumably oral, and alleges facts which, if proved, would call for the application of the doctrine of part performance to remove the agreement from the statute of frauds, I conclude that the demurrer must be overruled.

An order accordingly will be advised.