(Decided Oct. 23rd, 1863.)

FROSTBURG COAL CO., *vs.* GEORGE P. THISTLE, ET AL.

STAT. OF FRAUDS: PART PERFORMANCE.—Bill for the specific performance of an alleged contract of sale of lands. The defendant denied the existence of the contract and pleaded the Statute of Frauds. The evidence was, that T being indebted to R, verbally agreed to give him in satisfaction of the debt, a lot of ground uncleared, unenclosed, and not improved in any way, telling him to go and take possession of it. R agreed to receive it in payment of his debt, walked over the land, offered it for sale, and many years after, and after the death of T, sold it to A. A afterwards sold to B, who in turn sold it to the complainant. HELD:

That the contract proved was clearly within the Statute of Frauds, and that there was no such payment of the alleged consideration, or possession taken by R, as would take the case out the Statute on the ground of partial performance.

When possession is assumed as an act of part performance of a parol contract for the sale of land, it must appear to be a notorious and exclusive

one, and that the land has been delivered and possession taken in pursuance of the contract, and so retained and continued.

APPEAL from the Equity side of the Circuit Court for Allegany County :

The bill in this case was filed by the appellants on the 17th of May 1858, for an injunction to stay proceedings on a judgment in ejectment obtained against them by the appellees, and also to compel the specific performance of an alleged contract of sale of certain lands embraced in the ejectment case. The injunction was issued as prayed, but afterwards, upon motion dissolved; and from the order dissolving the injunction, the complainant appealed.

The material allegations of the bill and answer, and the testimony in the cause, are set forth in the opinion of this Court.

The cause was argued before BOWIE, C. J., and GOLDSBOROUGH and COCHRAN, J.

*T. J. McKaig* and *J. H. Gordon*, for the appellant :

The case presents two questions for the consideration of the Court :

1st. Was the contract made as stated ? This question is settled affirmatively by the evidence in the cause.

2nd. Was there such a part performance of the contract as will take it out of the Statute of Frauds ?

The contract being proved, and the consideration paid, there was a sufficient possession to take the case out of the statute. *Pars. on Cont.*, 180 to 183. *Butcher vs. Staples, et al.*, 1 *Vernon*, 363. 1 *Lind Ca. in Eq.*, 732, 733. *Simmons vs. Hall*, 4 *H. & McH.*, 252. *Hampson vs. Edelin*, 2 *H. & J.*, 64. *Dugan vs. Gillings*, 3 *Gill*, 157. *Drury vs. Conner*, 6 *H. & J.*, 292. 2 *Story's Eq.*, sec. 763. *Brown on Stat. Frauds*, secs. 437, 465 to 469, 481 and 483. *Sug. on Vend.*, 84. *Gregory vs. Higbee*, 18 *Ves.*, 328. *Morris vs. Harris*, 9 *Gill*, 19. *Germon vs. Machin*, 6 *Paige Ch. R.*, 288.

The contract was entire for the sale of both lots; there-fore the possession of one under the contract was the pos-session of both. 1 *Lind. Ca. in Eq.*, 738, 739. *Sand. Ch. Rep.*, 579, 581. *Moale vs. Buchanan*, 11 *G. & J.*, 314. The possession of lot No. 3980, was completely taken by Rawlings immediately after the sale, by going into the house and locking it up and taking the keys, and at the same time he walked over the other lot and looked at it. In 1835 he put Klink in possession of lot No. 3980, as ten-ant of the house, and put the other lot under his charge. Payment of the purchase money alone has been held suffi-cient part performance to take a case out of the Statute of Frauds. *Butcher vs. Staples*, 1 *Ver.*, 363. *Simmons vs. Hall*, 4 *H. & McH.*, 252. *Hampson vs. Edelin*, 2 *H. & J.*, 64. *Drury vs. Conner*, 6 *H. & J.*, 288. *Gist's Adm'r vs. Cockey*, 7 *H. & J.*, 138. *Hall vs. Hall*, 1 *Gill*, 389. *Bro. on Stat. Frauds*, sec. 469. 2 *Story's Eq.*, sec. 761. *Adam's Eq.*, sec. 68, *Law Lib.*, 85 and 86.

The appellant being entitled to the specific performance of the contract, is also entitled to the injunction to protect the possession, and the order of the Court below must therefore be reversed.

*Wm. Price*, for the appellees :

1. There was no possession delivered or taken, and no act of part performance; the Statute of Frauds is therefore a flat bar to the prayer of the bill.

2. The possession, to amount to part performance, must be actual, and delivered and taken in pursuance of the agreement; it must be open, adverse, notorious and exclu-sive, in order to lay a foundation for a bill for specific per-formance. *Bro. on Stat. Frauds*, secs. 458, 472 and 473. *Hall vs. Hall*, 1 *Gill*, 383, 392. *Small vs. Owens*, 1 *Md. Ch. Dec.*, 364. *Thistle, et al., vs. Frostburg Coal Co.*, 10 *Md. Rep.*, 129. *Armstrong vs. Risteau's Lessee*, 5 *Md. Rep.*, 256.

3. There was no contract proved in the case for the sale

of the land. *Adams' Doct. of Eq.*, 108, 68 *Law Lib*. 122. *Hamilton vs. Jones*, 3 *G. & J.*, 131.

COCHRAN, J., delivered the opinion of this Court:

The bill in this case was filed by the appellant for the purpose of obtaining the specific performance of an alleged contract for the sale of a lot of land made by George Thistle, now deceased, with one Moses Rawlings.

The material averments of the bill are, that Thistle gave the land into Rawling's possession in payment of a debt, and that it was afterwards sold by Rawlings to James D. Armstrong, and by Armstrong to Meschach Frost, from whom it was purchased by the appellant. The answer admits the intermediate conveyances from Rawlings to the appellant, but denies that Thistle ever sold, or agreed to sell, the land in question to him, or that possession was given, or any act done in part performance of such an agreement, and pleads the Statute of Frauds in bar of the relief sought by the bill.

It appears from the testimony in a case between the same parties, reported in 10 *Md. Rep.*, 129, which by agreement is to be read as evidence in this case, that sometime between 1830 and 1834, Thistle was indebted to Rawlings and verbally agreed to give him the lot in question with one adjoining it in satisfaction of the debt, which Rawlings agreed to receive; that the lot was wild woodland and had never been cleared, nor enclosed, nor in any way improved; and that when Thistle agreed to give the land to Rawlings for the debt, he told him to go and take possession of it, and that Rawlings subsequently walked over the land and offered it for sale.

The contract shown by this evidence was clearly within the Statute of Frauds, and such as could not be enforced by decree, without evidence of some act done in part performance of it. We have therefore to determine whether, under the circumstances appearing from the evidence, there was such a payment of the alleged consideration or posses-

sion taken by Rawlings as to take the case out of the statute on the ground of partial performance.

The agreement proved was, that Thistle should pay the debt due to Rawlings by a transfer of the land, and as we understand it, the relation of debtor and creditor between Thistle and Rawlings continued, unless that agreement was legal and effective. The debt, which the transfer or conveyance of the land was intended to satisfy, could lose the character of a present subsisting claim in the hands of Rawlings, only by such a performance of the agreement, in whole or in part, as would take it out of the Statute of Frauds, and vest in him a right to a transfer of the land. So long as the debt could be asserted as a claim against the debtor, it was not a consideration for the transfer in contemplation of the agreement; and the right of the appellant to rely upon it as a consideration delivered in part performance of the agreement, necessarily depends on the question, whether the other acts of Rawlings in the way of taking possession, constituted such a part performance of the contract as excepted it from the operation of the statute, and gave him a right to the transfer of the land, in lieu of that which he held as a creditor of Thistle. That question is free from difficulty, for the evidence of what Rawlings did, upon which it was contended that he assumed possession in part performance of the agreement, was considered in the case in 10 *Md. Rep.*, 129, and held to be insufficient to establish a certain and exclusive possession. It is well settled that "when possession is assumed as an act of part performance of a parol contract for land, it must appear to be a notorious and exclusive one, and that the land should have been delivered and possession taken in pursuance of the contract, and so retained and continued." "A mere technical possession, not open to the observation of the neighborhood, and capable of being proved only by select and confidential witnesses," if held sufficient for a decree to enforce the contract, "would manifestly afford an opportunity and encouragement for dishonest testimony. *Brown's Stat. Frauds*, 472, 473.

We cannot find that there was such a part performance of the agreement in this case as relieves it from the bar of the statute, and the decree of the Court below will therefore be affirmed with costs to the appellees.

*Decree affirmed.*

(Decided Oct. 23rd, 1863.)