## CASE v. BLOOD ET AL.

1. **Mandamus:** NO EVIDENCE TO SUSTAIN: SCHOOL DIRECTORS: DIVISION OF ASSETS. Action to compel directors of a district township, out of which an independent district was carved, to meet directors of independent district and agree on division of assets. But, it appearing from the evidence that they had not refused so to meet, but had met repeatedly, and were unable to agree on a division, *held* that the petition should have been dismissed. *Mandamus* would possibly lie in such a case to compel the appointment of arbitrators, (Code, § 1715,) but this action was not for that purpose.

*Appeal from Sioux Circuit Court.*

WEDNESDAY, APRIL 7

ACTION OF MANDAMUS. The plaintiff avers that he is a resident of the independent district of Rock Valley, Sioux county, and that the defendants are directors of the district township of Rock, from which the independent district of Rock Valley was severed in 1883. He avers that there were no liabilities of the original district township, but that there was a large amount of assets, to a portion of which the independent district of Rock Valley was equitably entitled; that the directors, however, of the district township of Rock refuse to meet the directors of the independent district of Rock Valley, and make

an equitable division of the assets, as by law they were bound to do. He therefore prays for an order that they be compelled to meet the directors of the independent district and make such division, and that, in case they fail to agree, the court appoint three arbitrators. The court made an order that the respective boards meet and make an equitable division, but made no order in respect to an arbitration. The defendants appeal.

*Bell & Palmer*, for appellants.

*Van Wagenen & McMillan*, for appellee.

Adams, Ch. J.—The directors of the independent district of Rock Valley came in, and were made defendants; and are satisfied with the order and judgment of the court. The defendants, the directors of the district township of Rock, complain because they deny that they refused to meet and make an equitable division of the assets, as the plaintiff avers. On the other hand, they aver that they did repeatedly meet with the directors of the independent district, and try to make an equitable division of the assets, but that they were unable to agree; and we have to say that the evidence fully sustains their averment in this respect. They were not in fault, then, unless it may be for failure to appoint arbitrators.

The provision of law governing the case is section 1715 of the Code. It is not necessary to set out the whole section. That part providing for the action of the boards is in these words: "The respective boards of directors shall immediately after such organization make an equitable division of the then existing assets and liabilities between the old and new districts, and, in case of a failure to agree, the matter may be decided by arbitrators chosen by the parties in interest." The evidence shows that there was a failure to agree, and the parties should, we think, have chosen arbitrators. There was evidence, we think, tending to show that the failure to choose arbitrators was attributable to the fault of the directors of the district

township, and we are not prepared to say that they did not become amenable to an action of *mandamus* to compel them to perform such duty. But this action is not brought for that purpose. Under the evidence we do not think that there was any other ground for an action of *mandamus*. It follows that, in our opinion, the judgment must be

REVERSED.