Case v. Blood et al.

---

## CASE v. BLOOD ET AL.

1. **Statute of Limitations:** AMENDMENT: SAME CAUSE OF ACTION: DIFFERENT RELIEF. Where an action is begun within the time prescribed by the statute, and certain relief is asked, and, after the cause would be barred by the statute, the plaintiff files an amended petition, setting up the same cause of action, but asking different relief, *held* that the amendment is not the beginning of a new action, but a continuance of the old one, and that the action as founded on the amended petition is not barred.

2. **Appeal:** PARTIES AFTER REVERSAL. Parties defendant who do not join in an appeal from a judgment against them must be presumed to be satisfied with it, and to be dissatisfied with a reversal of it, and, after the cause is remanded, they are still parties to the action.

3. **School Directors:** REFUSAL TO ACT: REMEDY. From a decision by school directors an appeal lies to the county superintendent; but, where the directors refuse to act, *mandamus*, and not appeal, is the remedy.

4. **School Districts:** FUNDS: INTEREST OF NON-RESIDENT TAX-PAYER. A tax-payer in a school district, though he be a non-resident, has such an interest in the funds of the district that he may maintain an action in *mandamus* to compel the directors to perform their lawful duty in regard to such funds.

5. **Evidence:** USE OF RECORD ON FORMER TRIAL: FOUNDATION. The record of documentary and oral evidence taken and duly preserved on a former trial is not admissible in a subsequent trial, without any showing of the absence of the witnesses, or of inability to produce the original documents, and without any notice to the adverse party. (Compare *Baldwin v. St. Louis, K. & N. R'y Co.*, 68 Iowa, 37.)

*Appeal from Sioux Circuit Court.*

FRIDAY, JUNE 10.

MANDAMUS to compel the defendants, a part of whom are directors of the independent district of Rock, and the others directors of the district township of Rock, to appoint arbitrators to make an equitable division of the assets of the district township of Rock, held before the organization of the independent district, which covers a part of the territory of the original district township from which it was separated. A judgment was entered granting the relief sought by plaintiff. The directors of the district of Rock appeal.

*Bell & Palmer*, for appellants.

*Van Wagenen & McMillan*, for appellees.

BECK, J.—I. The cause has been before in this court. See 68 Iowa, 486, for facts and pleadings upon which the case was decided. Upon the remanding of the cause, plaintiff filed an amended petition presenting substantially the same facts as alleged in the original petition. The relief asked in this amendment is that defendants be required to appoint arbitrators to make an equitable division of the assets of the district township.

1. STATUTE of limitations: amendment: same cause of action: different relief.

II. Defendants now insist that the action was barred by the statute of limitations, which is pleaded as a defense in the answer to the amended petition filed after the cause was remanded to the circuit court. This position is based upon the claim that the amended petition presents a new cause of action which accrued within the time limited by the statute. We think this position is not supported by the facts. The cause of action, in both the original and amended petitions, is the failure of the defendants to equitably divide the assets of the district township. The relief asked is not identical in these separate pleadings. In the original petition, plaintiff asks that the respective boards of directors be required to

meet and make a division of the assets of the district town-
ship; and, in case they fail to agree, that the court appoint
arbitrators to make such division. The amended petition
prays that the respective boards of directors appoint arbitra-
tors to make such division, and the court appoint a time and
place for the meeting of the boards for the purpose of
making such appointment. It will not be disputed that the
remedy sought is not the cause of action, and is no part of
it. The cause of action, if valid, entitles the plaintiff to a
remedy. In a proper case, he may change his claim for the
remedy, without in any manner presenting a new cause of
action. This was done by plaintiff in this case. The action
after the amendment was simply a continuance of the orig-
inal action, with a claim for a different remedy. It is not
claimed that the cause of action was barred when the suit
was originally commenced.

III. The directors of the independent district did not
join in the former appeal. It is now insisted that the case
2. APPEAL: as to them is ended, and that they were not before
parties after
reversal. the court after the cause was remanded from this
court. If they were satisfied with the first judgment, they
cannot be presumed to have abandoned the cause or to have
withdrawn from it when it was reversed. Indeed, they must
be presumed to be dissatisfied with the reversal of the judg-
ment, as they were satisfied with the judgment. At all
events, the reversal of the judgment left all the
parties in the condition they were in before the judgment
was rendered. These directors did in fact appear in the
case, and were therefore before the court below, as they are
in this court.

IV. Defendants insist that plaintiff's remedy was by
appeal to the county superintendent. But such appeal is
3. SCHOOL di- authorized from a decision or order of the direc-
rectors: refus-
al to act: tors. Code, § 1829. In this case the directors
remedy. did not decide anything, and made no order.
They simply refused or neglected to act. No appeal could

be taken from their default in this regard. Plaintiff's proper remedy is *mandamus*.

V. It is urged that, as plaintiff has ceased to be a resident of the independent district, and a patron of its school,

**4. SCHOOL districts: funds: interest of nonresident taxpayer.** he cannot be aggrieved by the official non-feasance of the appellants. But he is still a taxpayer of the district, and as such he is injured, if funds are withheld from it by the district township. Such funds would probably take the place of money raised by taxes. Plaintiff's taxes, therefore, are liable to be increased by the non-action of the respective boards of directors.

VI. The circuit court, against defendant's objection, permitted the evidence incorporated in the bill of exceptions

**5. EVIDENCE: use of record on former trial: foundation.** taken upon the former trial to be read from the record, thus dispensing with the oral testimony of the witnesses and the original documents. This was done without any showing of the absence of the witnesses, or of plaintiff's inability to produce the original documents, or any notice to defendants. This is clearly unauthorized by law. In Code, § 3777, it is provided that a transcript of the evidence preserved by the short-hand reporter may be admitted in evidence "with the same force and effect as depositions, and subject to the same objections, so far as applicable." But depositions containing the evidence of witnesses, or copies of documents, cannot be introduced in evidence without excuse for not producing the witness in court, or for not producing the original document. This point we have before ruled. *Baldwin v. St. Louis, K. & N. R'y Co.*, 68 Iowa, 37.

For this error the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

REVERSED.