JESSE L. SHEPHERD,

*vs.*

JEROME D. NILES.

*New Castle, Aug.* 2, 1924.

Part performance of an oral contract to convey land, giving the right to specific performance, notwithstanding the statute of frauds, must be by performance referable to the contract.

Preparatory acts, by a party to an oral contract to convey land, such as giving directions for conveyance, taking a view of the estate, or putting a deed in a solicitor's hands to prepare conveyance, do not constitute part performance sufficient to take the contract out of the statute.

Vendor's delivery of possession, and vendee's acceptance of possession under an oral contract to convey, constitute part performance sufficient to take the contract out of the statute.

In vendor's suit to specifically enforce an oral contract to purchase land, vendor's delivery of the keys to the building to vendee, after contract was made, vendee's entry on the premises with prospective renters, and his negotiation with certain parties for rental of apartments, and actual contract with one party to execute a lease, and vendor's execution of a deed placed in hands of a third party, for delivery to vendee on payment of the purchase price, *held* not to show such delivery and acceptance of possession as to constitute part performance, sufficient to avoid the statute.

Where vendor orally agreed to convey premises, his subsequent delivery of the keys to vendee's agent authorized merely to negotiate contracts for the sale of the land, not to accept possession, was not delivery of possession sufficient to take the agreement out of the statute.

An agent authorized to negotiate contracts for sale of land has no authority to deliver possession.

An agent authorized to negotiate for purchase of land has no authority to accept possession.

In suit to specifically enforce contract to purchase land, vendor's testimony that he delivered possession of the building to vendee was a mere legal conclusion of no value without the facts on which it rested, especially where his statement rested entirely on the significance which he considered the law attributed to such delivery.

In suit to specifically enforce an oral contract to purchase land, vendor's delivery of possession, to constitute part performance, avoiding the statute must be accepted by vendee, as vendor intended to deliver it.

Prospective vendee's securing keys to building is neither remarkable nor unusual, and does not necessarily argue existence of a contract to purchase sufficient to take an oral contract to purchase out of the statute, being merely a preparatory act.

In suit for specific performance of oral contract to purchase land, act of part performance, relied on by vendor to prevent application of statute, must be performed by himself, and proof that vendee negotiated with certain persons to rent portions of the property, and actually contracted with one, could not avail him, since specific performance is based on prevention of fraud on him and he could not be defrauded unless led to do something by the other party.

BILL FOR SPECIFIC PERFORMANCE. The complainant alleges that he entered into a parol contract to sell certain real estate situate in the town of Middletown to the defendant, and seeks a decree requiring specific performance thereof by the defendant. The cause was heard on bill, answer, oral testimony of witnesses produced before the Chancellor and exhibits. The facts material to the questions of law involved in the decision of the case are set forth in the opinion of the Chancellor.

*Martin B. Burris* and *William S. Hilles*, for the complainant.

*Herbert H. Ward*, of the firm of Ward, Gray and Neary, for the defendant.

THE CHANCELLOR. There are two questions presented by this cause. These are, first, was a parol contract entered into between the parties as alleged in the bill, and second, if so, was there such part performance of it as to take the case out of the statute of frauds?

The view I take of the second question makes it unnecessary for me to consider the first one. Conceding that the oral agreement was entered into as alleged in the bill, yet it seems clear to me that the complainant is not entitled to have it specifically enforced for the reason that the facts fail to disclose such part performance as removes the obstacle of the statute of frauds set up by way of defense in the answer.

It is unnecessary to look beyond the decisions found in our reports for the general principles governing the determination of the controlling question in this case. It is of course settled here as well as elsewhere that if there has been a part performance of an

oral contract for the sale of land, the right to have the same speci-
fically enforced is firmly recognized notwithstanding the language
of the statute of frauds which requires such a contract or some
memorandum thereof to be signed by the party to be charged
therewith, or by some other person thereunto by him lawfully
authorized in writing.

"The act relied on as part performance should be such as would not have
been done independent of some contract or agreement relative to land; be-
cause, as you are from the act performed to infer a contract, it must there-
fore be an act of that description which will not admit any other inference."

This is the language of Chancellor Johns, Jr., in *Houston v.
Townsend,* 1 *Del. Ch.* 416, 12 *Am. Dec.* 109, and was accepted by
the Court of Errors and Appeals as correctly expounding the law
when the same case came before it on appeal. 1 *Har.* 532, 27 *Am.
Dec.* 732. To the same effect is the opinion of the Court of Errors
and Appeals in the earlier case of *Carlisle v. Fleming, et al.,* 1 *Har.*
421. The Chancellor in the case of *Houston v. Towsend, supra,*
further expressed the rule to be that the act relied on as part per-
formance must to a certain extent be a joint act, or such as clearly
indicates mutual assent; and the instances by way of illustration
of the rule the case of one entering into possession of land as owner
with the consent of the vendor. Acts which are only preparatory,
such as giving directions for conveyances, taking a view of the
estate or putting a deed in the hands of a solicitor to prepare a
conveyance, are not considered as part performance. *Houston v.
Townsend, supra.* Part performance may be shown by a delivery
of possession by the vendor and acceptance of possession by the
vendee under the oral contract. The case above referred to so
held, and expresses but the uniform rule on the subject obtaining
everywhere.

These principles are so elementary in the law governing the
remedy of specific performance as to need nothing more than their
mere statement to receive approval. Needless to say they are not
controverted by the solicitors for the complainant. The only
question with which we can here be concerned is whether or not the
facts in evidence are such as to bring the case of the complainant
sufficiently within the rules embodied in these principles and thus

entitle him to a decree notwithstanding the alleged contract lies in parol.

What are these facts? The part performance relied on by the complainant is that of delivery of possession by him and acceptance thereof by the defendant. The testimony tending to show this consists of evidence that keys to the building were delivered to the complainant after the contract is shown by the complainant to have been agreed upon, and that the defendant in taking the keys and entering upon the premises manifested an acceptance of possession of the property. There is also testimony adduced on behalf of the complainant to the effect that the defendant after the receipt of the keys negotiated with certain parties for a rental of apartments in the building and actually entered into a contract to execute a lease with at least one applicant. Whether the solicitors for the complainant mean to emphasize this feature of the evidence as showing an act of possession, or as tending to prove the existence of the contract, is not clear. But of this something will be said later. At this point the circumstances surrounding the delivery and receipt of the keys will be examined.

The facts touching the keys are as follows. The contract is alleged to have been made not by the defendant directly, but through the intermediation of Daniel W. Stevens, a friend of the defendant who acted as his agent. Without reviewing the details of the negotiations, it is sufficient to state that they reached a stage where the complainant executed a deed of conveyance in favor of the defendant, placed the same in the hands of Stevens to be delivered by him to the defendant upon payment of the purchase price of seven thousand dollars. Whether at that time or some other time the testimony fails to show, but at some time probably near thereto, the complainant delivered to Stevens a bag containing the keys to the building. This delivery of keys to Stevens cannot be said to constitute a delivery to the defendant, for there is no showing anywhere that Stevens was authorized by the defendant to accept possession for him. The full extent to which the testimony shows the agency of Stevens to have gone is that he was authorized to enter into an agreement to purchase the premises. An agent who is authorized simply to negotiate contracts for the sale of land has no authority to deliver possession. *Chamberlain v. Manning*, 41

*N. J. Eq.* 651, 7 *Atl.* 634. Conversely an agent who is authorized simply to negotiate for the purchase of land has no authority to accept possession. Accordingly no significance is to be attached to the act of Stevens in accepting the bag of keys. The complainant appeared as a witness and was interrogated concerning the keys. He could not, of course have testified concerning the authority or nature of the intention of Stevens in receiving the keys. He could however have fully stated his own purpose and intention in delivering them. This, however, he failed to do. I have carefully read the complainant's testimony and I fail to find anything therein which indicates a belief on his part that he understood or intended for himself that when he handed the keys to Stevens he was delivering possession to the defendant. The complainant did testify in terms that he delivered possession of the building to the defendant. This testimony however is only a statement of a legal conclusion and to be of value must show the facts upon which the legal conclusion of possession rests so that the court may judge for itself whether as a matter of law the alleged possession was in fact delivered and accepted. *Thistle, et al., v. Frostburg Coal Co.*, 10 *Md.* 129. The wisdom of this rule which forbids witnesses to state for the court the legal significance of primary facts is well exemplified by this very case, for a further consideration of the complainant's testimony shows that when he testified that he had delivered the possession he said:

"I judge [I did so] when I delivered the keys to Judge Stevens, or shortly after that, I was going down home one day and Judge Stevens told me he had delivered the keys to Doctor Niles."

It therefore appears by the complainant's testimony that when he said he delivered the possession his statement rests entirely upon the significance which he considered the law attributed to his own act in delivering the keys to Stevens and to Stevens' act in delivering them to the defendant.

Bearing in mind that the act relied upon as showing part performance must be to a certain extent not only a joint act but as well one clearly indicating mutual assent, it is exceedingly doubtful if the evidence in this case can be said to reveal an assent by the complainant to the assumption of possession by the defendant,

and therefore such as to satisfy the requirement of the rule. The fact may have been that the complainant by his act in handing the keys to Stevens was assenting to possession by the defendant. But the evidence does not show it. But let it be assumed that the complainant did by his act reveal an assent, how stands the matter on the side of the defendant? He must in what he did have intended also to take possession as the complainant intended to deliver it.

The defendant's behavior with respect to the keys will now be examined. That he took the keys from Stevens is not only testified to by Stevens but is admitted by himself. He however says that in taking the keys he never intended thereby to assume possession. He was seriously considering the purchase of the property and admits that he went so far as to have Stevens find out what it could be bought for. When he learned that he could buy it and at what price, he desired to examine it to see what uses he could put it to by alterations and to estimate what possible revenue it might be made to yield. And so he testifies he secured the keys from Stevens, went into the property on several occasions, took people with him who might be prospective tenants of the apartments which he contemplated making in case he bought the building and discussed with them the rental which he would expect to get for such apartments. This is his testimony. Now there is this significant thing about the defendant's testimony with respect to the keys. While he admits getting them, yet he says he returned them to Stevens as soon as the purpose of inspection which he at the moment had in mind was served. On several occasions he secured the keys and on each occasion except the làst, which will be presently commented on, he returned them. Neither Mr. Stevens nor any other witness contradicts this statement. If the fact were otherwise this important and significant portion of the defendant's testimony would doubtless have been contradicted, especially as Mr. Stevens was present and available at the hearing. With respect to the last occasion when the defendant secured the keys, it appears that he did not return them because after he had been in the building and before he had an opportunity to return them, his automobile, in a pocket of which he had deposited the bag, was stolen and the keys of course were gone. There was some testi-

mony about two keys which the defendant did attempt to return to the complainant after the theft of the automobile which, when the stolen car was recovered, were found therein and turned over to the defendant by the detective. If these two keys were among those in the bag, the defendant's attempt to return them is in his favor. If they were the two other keys which he obtained from one Porter, a former occupant or custodian of the building, the attempt to return them is of no consequence, for if they were the defendant never received them from the complainant nor his agent, and his act in securing them can therefore indicate no mutuality of agreement between himself and the complainant touching the question of possession, its delivery and acceptance.

The key transaction, therefore, under the uncontradicted evidence is, so far as the defendant's participation in it is concerned, clearly to the effect that his act in taking them from Stevens in no wise indicated an intention on his part to accept them as tokens of ownership and possession. His act falls in the category of acts which are only preparatory, and, as observed by Chancellor Johns, being preparatory are never considered as indicative of part performance.

When parties are in treaty for the sale and purchase of land with buildings thereon as they were in this case, it is neither remarkable nor unusual for the prospective vendee to secure the keys and enter the premises. His act in so doing does not necessarily argue the existence of a contract to buy. It is not of such a description as will admit of no other inference than that he has agreed to purchase. In 36 *Cyc.* 668, the following is stated as the law:

"There must be an actual and notorious, and not merely a constructive, possession. A mere technical possession, not open to the obsevation of the neighborhood, is insufficient. This is a result of the general rule that the evidence of part performance must be clear and convincing."

Whether the receipt of keys by an alleged vendee may satisfy this rule which requires actual and notorious and not merely constructive possession, I need not decide. Conceding that under some circumstances it may, I am satisfied that the act under the facts shown in this case, if not clearly such as to indicate the complete absence of an intent on the part of either party to transmit

possession, is nevertheless so dubious in character as to make it improper for the court to found thereon a decree for specific performance.

One other aspect of the case remains to be considered. This is the matter to which at a prior place I indicated that something would be said later. I refer to the testimony adduced by the complainant to the effect that the defendant had negotiated with various persons to rent portions of the property from him and had in fact agreed upon a contract of rental with at least one person. The defendant denies that he ever did anything more in this connection than to converse with possible tenants about renting apartments in the hope that by such conversations he might be able to form a reliable opinion upon whether he could make the property pay. I shall not undertake to pass upon the issue of fact on this point. Conceding everything with respect to the fact in favor of the complainant, yet it appears clear to me that the concession can be of no assistance to him. This is for the following reasons. In the first place the rule which allows part performance of an oral contract for the sale of land to take it out of the statute of frauds requires that the act of performance must be on the part of the complainant. The Chancellor in *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *Atl.* 878, in substance so stated the rule when at one point in his opinion he said that the contract must be "partly performed by the party *seeking the remedy*." It is so laid down in all the books and the reason for it is that as the right of the vendor to have the contract performed is founded on the prevention of a fraud upon him, he cannot be said to have been defrauded unless he has been led by the other party to do some act of his own. Suppose the defendant did undertake to lease the property which he is alleged to have purchased, how can the complainant be said to be injured or prejudiced thereby? The proposed lessee might have a grievance. But how can the true owner be concerned with that? The act of attempted leasing might be very persuasive as indicating that the defendant had agreed to buy the property. But it does not indicate possession delivered and taken. It was an act which standing alone discloses no mutuality of assent. The complainant had no share or part in it. It is less indicative of possession, mutually delivered and accepted, than would be an offer

to sell. Yet in the case of an offer by the alleged vendee to sell, accompanied by evidence of walking over the land and instructions by the vendor to the vendee to go and take possession, were held to be insufficient to show such notorious and exclusive possession as is necessary to be shown when possession is relied on as an act of part performance. *Frostburg Coal Co. v. Thistle, et al,* 20 Md. 186.

Considering all the evidence in the case I am satisfied that even if the contract was in fact made as alleged, yet no such part performance has been shown as would justify a decree directing its complete execution. The complainant is unable to lift his case outside the statute of frauds and the bill must therefore be dismissed with costs.

Let a decree be accordingly so entered.