Sussex Investment Company, a corporation of the State of Delaware,

*vs.*

John H. Clendaniel.

*Sussex, July* 22, 1925.

Daniel J. Layton, for complainant.

James M. Tunnell, for defendant.

THE CHANCELLOR. The statute of frauds is an insuperable obstacle to the complainant in this case. The statute is not relied upon by the defendant in his answer. But on his brief he cites *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *A.* 878, as an applicable authority upon the point of the statute of frauds. In that case the Chancellor said:

"At the hearing, without having demurred to the bill, or pleaded the statute, or claimed the benefit thereof by the answer, the defendant insists on the protection of the statute. The law respecting the protection of the statute, where it is not pleaded, is well settled. If the defendant admits the parol agreement and does not set up the statute, he is presumed to have waived its protection. If he admits the parol agreement and insists on the benefit of the statute by plea, or in his answer, he will be entitled to it. 2 *Story's Equity Jurisprudence,*. § 755. The defendant says that the making of the agreement is denied by the answer and that this puts the complainant to the proof of it by a writing or memorandum signed by the defendant, or some one authorized in writing to so sign, though the statute be not pleaded. It is true that where the bill sets up an agreement which would be invalid by the statute of frauds, unless it be in writing, and the defendant by answer denies the agreement, he need not insist on the statute as a bar, but the complainant at the hearing must establish the agreement by written evidence. *Brown on Statute of Frauds*, § 511, and many cases cited."

This language is pertinent in the instant case. Here the complainant alleges that the defendant signed written agreements to pay for a total of two hundred and seventy-two lots at an aggregate price of $3,888.00. The defendant, while admitting that he agreed to buy a total of thirty-one lots for an aggregate price of $411.00 denies in his answer that he entered into the contracts as charged, and that he ever signed any written agreement whatever. The agent, whose duty it was to secure the signature of bidders to the memoranda of sales, testifies that the defendant either signed

or had some one else sign for him the five cards which are in evidence, and that in one or two instances the defendant himself signed. The defendant in his testimony denies signing any of them, but admits that he asked his son to sign one for him and some other man to sign another one. That the defendant signed none of the cards appears to me to be clear from the fact that a comparison of all five of the alleged signatures with the defendant's signature to the answer and to his check, which the complainant offered in evidence, shows unmistakably that some person other than the defendant signed the cards. Not only so, but the spelling of the defendant's name on four of the cards is erroneous. It must be taken as a fact, therefore, that in this case there was no contract reduced to writing, nor any memorandum or note thereof signed by the defendant, the party to be charged therewith.

The statute of frauds, however, provides that the contract, memorandum or note may be signed by some person other than the party to be charged provided such other person was "thereunto by him lawfully authorized in writing." There is no evidence whatever of a written authority from the defendant to any one to affix his signature to the contracts or memoranda.

With respect to the two of the five cards which the defendant admits in his testimony he told some one else to sign for him, this is to be said: They are not clearly identified and the defendant in his answer denies ever making such a contract as any of the memoranda, under the complainant's construction of them, purport to describe.

The fact that the defendant gave to the complainant a check for $3,888.00 does not take the case out of the statute of frauds. Payment of consideration in whole or in part has been held in this State, contrary to what appears to be the weight of authority elsewhere, to take a case out of the statute and to admit parol evidence of the contract. The giving of the check, however, was not payment of the consideration. If it were, there would be no occasion for the complainant to be in this court. The check, payment on which was stopped by the defendant, contained no notation upon it disclosing what it was for. It was but a motion towards the payment of money for some purpose. It lacked the character of unequivocality which the doctrine of part performance exacts of any

act before it can be accepted as evidence of a binding contract between the parties. Our rule in Delaware which recognizes payment of the consideration in whole or in part as taking cases out of the statute, is too sufficiently at variance with the weight of authority elsewhere to warrant giving it an even greater divergence by bringing within its scope an act so incomplete as the giving of a check, payment of which was later stopped. The giving of the check is to be classed with those acts which are only preparatory and as such are not evidentiary of part performance. *Shepherd v. Niles*, 14 *Del. Ch.* 316, 125 *A.* 669; *Houston v. Townsend*, 1 *Del. Ch.* 416, 12 *Am. Dec.* 109. Furthermore, the equity which underlies the doctrine of part performance demands that the acts of performance must be by the party seeking the remedy. *Shepherd v. Niles, supra; Pomeroy's Equity Jurisprudence, (4th Ed.)* § 1409. The accepting of the check on the side of the complainant was not in performance of the contract. On final analysis its significance consists solely in the fact that it was an act of the defendant, the party here in whose behalf no remedy is sought.

Inasmuch as the defendant admits by his answer that he agreed and is now willing to take and pay for certain of the lots at the price he admits bidding therefor, the parties may be heard upon the question of whether it would be proper to so frame the decree, if the complainant desires, as to direct a performance to the extent of the contract as admitted by the defendant. In any case, it would seem costs should be imposed upon the complainant.