CHARLES W. GREER,

*vs.*

GEORGE A. MOORE.

*New Castle, May 5, 1933.*

*William Saulsbury* and *Charles C. Keedy*, for complainant.

*Charles B. Evans,* for defendant.

THE CHANCELLOR: I have looked into the account and exceptions thereto, and find myself unable to gather from the record sufficient information to enable me to pass intelligently upon certain items involved in the exceptions.

The purpose of this memorandum is to lay down certain general principles which should govern in the taking of the account. The matter will then be referred back to the master to go more thoroughly into the details of the items and then strike an account in accordance with the principles herein stated.

Among the items excepted to is a claim of setoff by the defendant of a sum claimed to be due him for labor done and material furnished to the complainant during the year 1922 under a contract between them dated April 18, 1922, for the erection by the complainant of four houses for one Frank Garatwa in the town of Newark, Delaware.

The bill in this cause was filed October 26, 1927, and concerns itself with a joint real estate and construction adventure engaged in by the complainant and defendant under an agreement dated September 21, 1923. It seeks an accounting from the defendant and settlement of the affairs of this joint adventure. The defendant in the hearing before the master appears to have asserted a claim of setoff amounting, as the master found, to the sum of twenty-one hundred dollars, which the defendant claims is a balance due by reason of the so-called Garatwa transaction.

That transaction was terminated some four or five years before the bill was filed in this case, and has no connection with the matter concerning which the bill seeks an accounting. The balance claimed to be due in the Garatwa transaction is on an open account for material and labor. furnished. The statutory period of limitations upon such a claim is three years. It therefore appears that the claim put forward by the defendant by way of setoff encountered the bar of the statute of limitations. The defendant could not have maintained an action at law for recovery of this claim if he had sued the complainant and the statute of limitations had been pleaded in defense.

Conceding, without deciding, that it is permissible for a defendant in a bill for an accounting to set off a sum averred to be due him on account of a transaction entirely unrelated to the matter presented by the bill, yet if the claim constituting the item of setoff is subject to the bar of the statute of limitations at law, the complainant may rest securely behind the defense of the statute against its assertion by way of setoff.

It is not necessary that the complainant should set up the statute by way of formal pleadings in order to avail himself of the benefit of the statute in this particular suit. The answer of the defendant did not specifically set up the item of the Garatwa claim. The complainant, therefore, had no notice supplied by the pleadings that he should state his reliance upon the bar of the statute. The setoff made its first appearance when the accounts were being stated before the master. At that time the solicitor for the complainant objected to the admission of the setoff item as a charge against him on the ground that the same was barred by the statute of limitations. This was as sufficient raising of the defense of the statute as though the same had in some formal manner been pleaded. 37 *Corpus Juris, p.* 1217, 1218. See, also, *Matthes v. Wier,* 10 *Del. Ch.* 63, 84 *A.* 878; *Sussex Investment Co. v. Clendaniel,* 15 *Del. Ch.* 19, 129 *A.* 919.

In re-stating the account the master will, therefore, disregard the Garatwa claim.

(The remaining exceptions relate to matters of fact, and the manner of handling them before the master, and the discussion on them is not reported.)