A. C. JOHNSTON, LENA JOHNSTON, Administratrix, Substituted Plaintiff, Appellee, v. FEDERAL LAND BANK of Omaha et al., Defendants, Appellants, CHEROKEE COUNTY NATIONAL FARM LOAN ASSN., Defendant, Appellee.

No. 44688.

MARCH 7, 1939.

Herrick & Ary, Don C. Young, and Franklin L. Pierce, for appellants.

McCulla & McCulla and Ralph Maclean, for appellee.

HALE, J.—On August 29, 1935, the plaintiff filed petition

in the district court of Cherokee county, asking specific performance of an alleged contract for a loan on real estate owned by the plaintiff A. C. Johnston, since deceased, claiming that application for loan was made and that on November 7, 1935, the said Johnston's application was approved and proper notes and mortgages to the Federal Land Bank of Omaha were prepared for $10,500, and a note of $2,500 to the land bank commissioner and secured by a second mortgage was executed. The instruments were delivered to the Cherokee County National Farm Loan Association, duly recorded, and delivered to the defendant Federal Land Bank of Omaha. Plaintiff alleged that the bank thereafter refused to pay plaintiff the $13,000; that he could not have secured the loan from any other agency, nor was there any other person or agency from whom he could have secured such loan on such favorable terms; that he has done all things required of him, and that plaintiff and the Cherokee County National Farm Loan Association have complied with all things precedent in the making of said loan; that he has turned over to the Federal Land Bank all policies of insurance covering the property; and he asked that decree be rendered ordering the bank to comply with the terms of his contract and to pay him the sum of $13,000.

Notice was served on W. H. Bell, secretary-treasurer of the Cherokee County National Farm Loan Association, as agent of the Federal Land Bank of Omaha, and the same person as agent of the land bank commissioner and as agent of the Federal Farm Mortgage Corporation, by the sheriff of Cherokee county, on August 22, 1935. An amendment to the return of the sheriff states in substance that he did not know personally that Bell was the agent of the defendants, but that he served him as such under the direction of the plaintiff.

Special appearance was entered by all defendants, and was overruled on October 21, 1935. Appeal was taken to this court and procedendo issued from the supreme court and the district court was directed to proceed in the same manner as if no appeal had been taken.

On August 18, 1937, Lena Johnston, administratrix of the estate of A. C. Johnston, deceased, was substituted as plaintiff.

Prior to the issuance of the procedendo, on September 4, 1937, a motion to dismiss was filed by the defendants on the ground that the facts were not sufficient to entitle plaintiff to

relief, that the decree would be impossible to enforce, and that there was no specific allegation of performance to entitle the plaintiff to relief. Thereafter, on November 5, 1937, the plaintiff filed an amendment to the petition, and motion to transfer to the law docket, striking part of the original pleading and alleging that by reason of the failure of the defendants to furnish the money as agreed, she had been damaged; that she had arranged for settlement of the original mortgage on the premises of $22,000 and interest, for the sum of $12,000, and that if the land bank had advanced the money for the loan the said plaintiff could have settled the matter and title would have remained in her free and clear of all incumbrance except mortgages totaling $13,000; that she could not have settled the claim of the original mortgagee of the land unless she obtained the money from the Federal Land Bank and the commissioner. She alleged efforts on the part of the substituted plaintiff and inability to secure funds to satisfy the mortgagee from any other source. She further alleged that a decree of foreclosure was obtained by the original mortgagee and that the land has been totally lost and the mortgagee has obtained title; that the land was worth $23,445 and that, by reason of the failure of the defendants to perform she has been damaged in the sum of $10,445.

On January 7, 1938, three of the defendants, the Federal Land Bank, the commissioner, and the Federal Farm Mortgage Corporation, filed special appearance attacking the jurisdiction of the court, alleging that they are nonresidents of the state of Iowa, and also that these defendants had entered their general appearance in the district court of Cherokee county to the original petition filed by A. C. Johnston; that Lena Johnston substituted as party plaintiff for A. C. Johnston, and that after the entry of general appearance by the defendants said substituted plaintiff amended the original petition filed so as to demand a remedy different and distinct from the remedy demanded by A. C. Johnston in the original petition filed in said court, which original petition prayed for specific performance of a contract to loan money, and that the amended petition prayed for damages for breach of a contract to loan money; and that there is no jurisdiction of the district court of Cherokee county over the defendants appearing specially by reason of any process issued out of said court and served on said defendants or any one of them.

On the next day, January 8, 1938, these three defendants filed a petition for removal to the United States district court for the northern district of Iowa, which was granted by the Cherokee district court, and on May 24, 1938, the federal court found that the petition for removal was not filed in the district court of Cherokee county within the time required by the removal act, nor transcript filed in the federal court within thirty days after the filing of the petition for removal, or entry of the order of removal within a reasonable time thereafter, and sustained the motion to remand upon both grounds stated.

On June 14, 1938, a demurrer was filed by the defendant Cherokee County National Farm Loan Association, which was overruled, and the overruling of same has not been appealed from.

On June 15, 1938, the special appearance above referred to was heard in the district court of Cherokee county. On July 28, 1938, the special appearance of the Federal Land Bank, the commissioner, and the Federal Farm Mortgage Corporation, was overruled.

From such order this appeal is taken.

Under the foregoing facts the defendants claim, in substance: First, no action for specific performance will lie, and the amendment to the original petition set up a new cause of action; second, they urge that they are nonresidents and, notwithstanding their appearance generally to the original petition, they have now a right to file a special appearance and to have it sustained.

As above stated, it is contended by defendants that no action for specific performance would lie under facts such as above set out, and while there is authority both in our own state and in other jurisdictions sustaining this view, it is not necessary that we consider that contention here. Plaintiff seems to have recognized the difficulty of obtaining the relief originally sought, and filed her amendment to the petition, in which she abandoned the attempt to enforce specific performance and sought recovery in damages.

Prior to the filing of this amendment to the petition there was on file a motion of the defendants to dismiss, and thereafter the amendment was filed, with a motion to transfer from equity to law, in which damages were asked as heretofore stated. It is the contention of the defendants that such action changed

entirely the issues in the case and constituted a new cause of action. As above stated, the original petition was based on failure to negotiate the loan for which plaintiff had contracted, but the relief asked was different from the relief asked in the amendment. But the question arises whether this constituted a new cause of action. If so, under the rules laid down by the supreme court of this state, as well as others, a new notice would be necessary, and the general appearance to the original action would not prevent the filing of a special appearance in a new and different cause of action. Fidelity & Cas. Co. v. Bank of Plymouth, 213 Iowa 1058, 237 N. W. 234. Defendants complain that some of the grounds of the new action occurred subsequently to the filing of the original opinion, and urge that the amendment must date back to the date of the original petition, and that only the cause of action at such time existing can be urged in the subsequent amendment.

The question raised as to the residence of defendants is not necessary to consider here, in view of our holding as to the effect of the amendment to petition. If the defendants, by proper appearance to the action and pleading thereto, were in court, and if the amendment did not create a new cause of action, they were precluded from having their special appearance sustained. But if a new cause of action was set up by the amendment, the defendants had the right to appear specially and were not so precluded.

This is the main question in the case: Does the amended petition set up a new cause of action?

There are holdings to the effect that new grounds cannot be pleaded in an amendment to the petition, and the defendants cite City of Ottumwa v. Nicholson, 161 Iowa 473, 143 N. W. 439, L. R. A. 1916E, 983. This case, however, relates to an action for damages in construction work, and is based on the rules as to permanent or continuing damages.

It is the rule in this state that amendments may be made to the original pleading, not only to change from equity to law or from law to equity, as is said in the case of Cammack & Son v. Weimer, 181 Iowa 1, 162 N. W. 586, but also to add other prayers for damages or for matters arising after the filing of the original petition. Code of 1935, section 11221, is as follows:

"Either party may be allowed to make a supplemental peti-

tion, answer, or reply, alleging facts material to the case which have happened or have come to his knowledge since the filing of the former pleading; nor shall such new pleading be considered a waiver of former pleadings.''

 It seems fair that elements of damage which have arisen after the institution of the suit, and which have arisen directly out of the cause for which the action is brought, should be permitted to be tried in the original action. This amendment pertains to the amount of damages, and the remedy, and our court has consistently held that a change in the relief sought or in the amount of damages ascertainable after the institution of the original suit did not constitute a new cause of action. See Reinertson v. Struthers, 201 Iowa 1186, 207 N. W. 247, and the cases cited therein, among which is Case v. Blood, 71 Iowa 632, 634, 33 N. W. 144, 145, where it is said:

''It will not be disputed that the remedy sought is not the cause of action, and is no part of it. The cause of action, if valid, entitles the plaintiff to a remedy. In a proper case, he may change his claim for the remedy, without in any manner presenting a new cause of action.''

In the cited case, Reinertson v. Struthers, supra [201 Iowa 1186, 207 N. W. 249], the court says:

''Appellee, upon discovering the fraud, had a right to rescind the contract and recover the purchase price, or to retain the stock purchased and recover his damages. * * * an action for damages with full knowledge of the facts would estop him from thereafter attempting to rescind, for it would be a recognition of the contract. * * * But where he attempts to rescind, and fails to establish the fact that he had rescinded, and for that reason alone fails to secure relief on the basis of a rescission, he is not thereby estopped to recover the damages caused to him by being induced by fraud to enter into the contract. This is true because he had no remedy by rescission; and where a party undertakes to avail himself of a remedy to which he is not entitled, this does not prevent him from subsequently availing himself of a remedy to which he is entitled.'' (Citing cases to the same effect.)

 The amendment in this case strikes only paragraphs 14

and 15 and the prayer of the original petition. Paragraph 14 refers to the delivery of insurance policies. Paragraph 15 is an allegation that plaintiff has no plain, speedy, and adequate remedy at law. The prayer is for specific performance and general equitable relief. All other parts of the original petition are retained, to which are added other allegations as heretofore set out.

The amendment does not change the original complaint, the failure of defendants to perform; it merely sets up the damage that has occurred since the institution of the suit, and changes the prayer for relief. While it is called an amendment, it is in effect a supplemental petition, such as is permitted under Code section 11221, and should be so treated. Bloom v. State Insurance Co., 94 Iowa 359, 367, 62 N. W. 810.

We conclude that the amendment as filed does not set up a new cause of action, and if this is so, then the defendants not only appeared to the action but filed the motion to dismiss. The change in the form of remedy and the pleading of the additional effects of the failure to complete the original contract did not change their position as parties defendant appearing in the suit.

Holding as we do, that the amendment did not set up a new cause of action and that the parties defendant have appeared to the original proceeding, then their special appearance cannot be sustained.

It is urged that the defendants, by a stipulation entered into, dismissed the appeal to this court from the original ruling in the Cherokee district court, overruling the special appearance to the first prayer to the amendment; and that by such stipulation the original notices in the case were quashed, and the defendants filed their general appearance. Such claim was not made a part of the abstract and apparently was never brought to the attention of the district court of Cherokee county, and is assailed in this court by a motion to strike. This claim of defendants is set out in what is called "additional statement of facts" filed with the reply to the motion.

That matters not presented in the lower court cannot be considered here is of such general application that it is not necessary to cite authority. Whatever the effect of such stipulation might be upon the ruling made in the district court, as the record stands, the attention of that court was not called to any

stipulation between counsel for the parties, but, under the record, the cause was sent back to the Cherokee district court with no reference to any stipulation; nor, according to the record, was the attention of either the district court or of this court called thereto.

The motion to strike the additional statement of facts should be sustained.

The only question necessary for us to pass upon is, as above stated, whether or not the amendment to the original petition constituted such a new cause of action as to amount to the institution of a new action and to require notice. The fact that the motion to dismiss was not ruled upon is not a matter of importance, as the plaintiff apparently feared that the remedy sought in the action as originally brought was not available to her and sought a remedy at law rather than in equity.

We hold that the special appearance was properly overruled, and the action of the lower court is affirmed.—Affirmed.

All JUSTICES concur.