**OLSON BROTHERS, INC., Plaintiff Below, Appellant,**

v.

**Otto T. ENGLEHART, Paul O. Summers, Angelo F. Baldini, William B. O'Connell, John Paul Stevens, Dillon Geiger, C. C. Jerden, John Clark, and Y. Frank Freeman, Sr., Executor of the Estate of Y. Frank Freeman, Jr., Defendants Below, Appellees.**

Supreme Court of Delaware.

June 19, 1968.

escape, the escape sentence here being concurrent.

Rodney M. Layton and David T. Dana, III, of Richards, Layton & Finger, Wilmington, for appellant.

Irving Morris and J. A. Rosenthal, of Cohen, Morris & Rosenthal; and David Snellenburg, II, of Killoran & Van Brunt, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The plaintiff below, Olson Brothers, Inc., formerly Bellanca Corporation (herein called Bellanca), has appealed from an order of the Court of Chancery in a declaratory judgment action brought to determine the validity of certain stock options issued to the appellees, Otto T. Englehart, Paul O. Summers, Angelo F. Baldini, William B. O'Connell, John Paul Stevens, Dillon Geiger, C. C. Jerden, John Clark, and Y. Frank Freeman, Sr., Executor of the Estate of Y. Frank Freeman, Jr. These appellees were formerly the directors and president of Bellanca. The judgment was entered after a trial. The trial Court's opinion is reported in 42 Del. Ch. 348, 211 A.2d 610. The facts are fully stated in that opinion and will not be repeated here, except when incidental to our discussion of the issues. After the lower Court's opinion was announced, the appellees asked leave to file a counterclaim seeking monetary damages for the appellant's refusal to issue the stock. This application was granted. In this appeal, appellant seeks a reversal of both the holding that the options are valid and the order allowing amendment of the answer.

## VALIDITY OF THE OPTIONS

The evidence was presented partly by oral testimony and partly by depositions and exhibits. There were no significant disputes as to the basic facts. We have examined the record and have reviewed the inferences drawn therefrom by the Vice-Chancellor; we find no adequate reason to disagree with his conclusions.

■ The law pertaining to validity of stock options was summarized by this Court in Beard v. Elster, 39 Del.Ch. 153, 160 A.2d 731, wherein the Court clarified its prior rulings in Kerbs v. California Eastern Airways, 33 Del.Ch. 69, 90 A.2d 652, 34 A.L.R. 2d 839, and Gottlieb v. Heyden Chemical Corp., 33 Del.Ch. 82, 90 A.2d 660. The fundamental requirements as stated in *Beard* are these: (1) all stock option plans must be tested against the requirement that they contain conditions, or that surrounding circumstances are such, that the corporation may reasonably expect to receive the contemplated benefit from the grant of the options; (2) there must be a reasonable relationship between the value of the benefits passing to the corporation and the value of the options granted.

The Vice-Chancellor took the position that this case is unique in the field of stock options because the corporation was not a going concern which needed the continued services of key men, but was a corporation which had come to a stand-still, which had a malodorous reputation, whose assets could be realized and the corporation rehabilitated only by working out some plan of merger or association in which its tax loss carry-over could be lodged. He found that, as of June, 1960, the adoption of the option plan was deemed necessary to retain the services of the Board members, some of whom had already threatened to resign, whose good reputations had served to improve the corporate image, and whose continued service would lead prospective associates of Bellanca to deal with confidence. He further found that an additional objective was to provide added incentive to the accomplishment of the one important task which called for directors' services. He accordingly held that there was consideration for the options and that, as of June, 1960, there was reasonable assurance that the contemplated benefit would be received. Finally, he concluded that the value of these benefits bore a reasonable relationship to the value of the options granted.

Appellant contends that the options were invalid, notwithstanding stockholders' approval, because the corporation received no (or very little) consideration for them, and that they thus constituted gifts of corporate assets. It argues also that the value of the options and the equality of their division among the appellees had no reasonable relationship to any benefits anticipated or received by the corporation, or to the individual competence or contribution of the optionees. Finally, it contends that, if the options are regarded as retroactive compensation for past services, they cannot be justified because the corporation received no lawful benefit in exchange for them.

■ We agree with the Vice-Chancellor that, under all the circumstances of the particular case, "the corporation could be reasonably expected to receive the contemplated benefits from the grant of the options." The fact is that these individuals did the job they were employed to do and remained with the corporation until that object was accomplished. Although the original resolution required continued service as a condition for exercise of the options, that requirement was eliminated shortly before the agreement was made with the Olson brothers, and was brought about because that agreement was about to be made. This change did not, in our opinion, render the options invalid because the Olson transaction was in fact the attainment of the object which these appellees set out to accomplish.

■ We are of the opinion, also, that the relationship between the value of the benefits passing to the corporation and the value of the options granted is a matter as to which reasonable men, fully informed,

could well differ in opinion. In that situation, the Court must approve the plan. See Beard v. Elster, supra.

## AMENDMENT TO THE ANSWER

The decision of the Vice-Chancellor declaring the options valid was filed on June 23, 1965. In the following August, the appellees asked leave to file an amendment to the answer by asserting a "counterclaim" seeking money damages for the refusal to honor the options. We do not think that the amendment is correctly described as a counterclaim. The Vice-Chancellor properly treated it as an application for further relief under 10 Del.C. § 6502, and granted the application to amend. That section provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith."

■ Appellant contends that the claim for damages is barred by 10 Del.C. § 8106, which provides a three-year limitation for the bringing of actions to recover damages generally. We agree with the Vice-Chancellor that § 8106 has no application in the present situation. Appellees, by their amendment, have not pleaded a cause of action which was not previously asserted. Their original answer asked the Court to declare the options valid, and specifically prayed for an order requiring appellant to issue the stock, although the answer also included a prayer for such other relief as may be just and equitable. The amendment simply adds a prayer for a different form of relief.

The cases in other jurisdictions are in accord with the holding that this case falls within the bounds of 10 Del.C. § 6502. Burgard v. Mascoutah Lumber Company, 6 Ill. App.2d 210, 127 N.E.2d 464; Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co., 2 Cir., 255 F.2d 518; Case v. Blood, 71 Iowa 632, 33 N.W. 144; 34 Am. Jur. 218. Cf. Clemente v. Greyhound Corp., 2 Storey 223, 155 A.2d 316. The authorities cited by appellant are not pertinent because they involved attempts to assert a new cause of action after the limitation period had expired. Cf. Greer v. Moore, 19 Del.Ch. 281, 166 A. 403; Delaware Chemicals v. Reichhold Chemicals, 35 Del.Ch. 493, 121 A.2d 913.

■ Appellant's final contention is that the amendment should not be allowed because of appellees' long delay in presenting it. We think the Vice-Chancellor acted well within his discretion in permitting the change. From the beginning, appellant was aware of the statute (10 Del.C. § 6502), as well as the original alternative prayer for relief, and is charged with knowledge that appellees might ask for money relief if the options were held valid; until that declaration was made, there was little point in discussing what relief ought to be granted. The fact that an additional hearing may be necessary does not require a different result.

We note with concern that the time which elapsed between the date this action was begun and the date of entry of the Court's order appears unreasonably long. The complaint was filed November 21, 1961, and the trial took place in October, 1963. The opinion on the merits was delivered on June 23, 1965, and the motion to amend the answer was filed two months later. The decision to allow the amendment was made in April, 1967. We do not know the explanation for this lapse of time. Conceivably, the delays, and the possible consequence thereof, may become important in the ascertainment of damages, should the case proceed that far.

The order entered in the Court below will be affirmed.