**Frank E. ACIERNO, Plaintiff Below, Appellant,**

v.

**Raymond H. McCALL et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

March 25, 1970.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for appellant.

Francis J. Trzuskowski, of Connolly, Bove & Lodge, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the grant by the Court of Chancery of summary judgment in favor of the defendants on the ground that plaintiff's action for specific performance of a contract to sell land was barred by the Statute of Frauds.

The relevant facts are these:

Plaintiff became interested in purchasing a farm owned by defendants. At the direction of a real estate agent who told plaintiff that Francis J. Trzuskowski, Esquire, a lawyer, had all the necessary information about the property, plaintiff sought out Mr. Trzuskowski and began negotiations with him. Plaintiff had no direct contact of any kind with defendants, and plaintiff concedes that Mr. Trzuskowski had no written authority from any of the defendants to sell the land.

At a meeting in Mr. Trzuskowski's office, plaintiff signed an informal handwritten memorandum of agreement to purchase the land, and Mr. Trzuskowski agreed to prepare a formal contract of sale incorporating the terms of the handwritten agreement. Later the same day, plaintiff delivered to Mr. Trzuskowski a check as a deposit on the purchase of the property. The formal contract was thereupon delivered to plaintiff along with Mr. Trzuskowski's receipt for the check. Plaintiff signed and returned the contract to Mr. Trzuskowski with the full expectation that defendants would also sign. Defendants, however, did not accept the contract and refused to sign. Plaintiff's suit for specific performance followed.

On appeal, plaintiff raises the same two contentions that were raised below in opposition to defendants' motion for summary judgment: (1) that the contract is

not barred by the Delaware Statute of Frauds, and, alternatively, (2) that there is sufficient part performance to take the case out of the Statute.

■ Plaintiff relies on the particular wording of the Delaware Statute of Frauds to support his first contention. 6 Del.C., § 2714 reads in pertinent part:

"No action shall be brought to charge any person * * * upon any contract . or sale of lands * * * unless the contract is reduced to writing, or some memorandum, or notes thereof are signed by the party to be charged * * *."

Plaintiff emphasizes that the Delaware language varies from Section 4 of the progenitor English Statute which made contracts unenforceable "unless the agreement * * * or some memorandum· or note thereof shall be in writing, and signed by the party to be charged * * *" 29 Car. II, Ch. 3. From the differences in wording, plaintiff draws the conclusion that if a contract is reduced to writing, but is not signed by the party to be charged, it is nevertheless "complete". This argument, as the Court of Chancery pointed out, mistakes both the purpose and the plain meaning of the Delaware Statute and its progenitor.

We find no ambiguity in the meaning of either the English or the Delaware Statute. By all definitions, the words "memorandum" and "note" refer to communications in writing. On the other hand, the word "contract" does not require that connotation for it may be either written or parol. However, the phrase "reduced to writing" in the Delaware Statute, or "shall be in writing" in the English Statute, can modify only the word "contract" or the word "agreement". Both Statutes require that the writing, be it the contract, itself, or a memorandum, or a note, must be signed. See Abramson v. Delrose Inc., 132 F.Supp. 440 (D.Del.1955); 37 C.J.S. Frauds, Statute of, § 201.

■ Plaintiff's second argument has two essential features: (1) that there was a parol contract between the parties; and (2) that there was such part performance of it as to take the case out of the Statute of Frauds.

Plaintiff here relies on a concept which is well recognized in Delaware. In Matthes v. Wier, 10 Del.Ch. 63, 69, 84 A. 878, 881, the Chancellor stated:

"* * * If a verbal contract for the sale or leasing of land possesses all the elements and features necessary to justify the specific enforcement of any agreement, except the written memorandum required by the Statute of Frauds, and the contract be partly performed by the party seeking the remedy, a Court of Chancery may decree specific performance notwithstanding that statute. This also is as well settled in Delaware as elsewhere."

As readily appears, the immediate weakness in plaintiff's argument is that there is no oral agreement between the parties to be subject of the doctrine of part performance.

It has been conceded by plaintiff that he had no direct contact of any kind with defendants; all of his contacts were with Mr. Trzuskowski. Hence, there is no oral contract made with the parties to be charged; any such contract could have been made only with their agent, Mr. Trzuskowski.

■ There is no question that the Delaware Statute protects the principal unless the agreement is made with him directly or with "some other person 'thereunto by him lawfully authorized in writing.'" See Sussex Inv. Co. v. Clendaniel, 15 Del.Ch. 19, 129 A. 919 (1925); 3 Williston on Contracts, § 489 (3rd Ed.). Plaintiff acknowledges that there was no such written authority running to Mr. Trzuskowski. This being so, Mr.

Trzuskowski could not bind the defendants and there is thus no factual basis to which to apply the rule of part performance.

The judgment below is affirmed.